# EXHIBIT 10

LAW OFFICES

# HARTMAN & WINNICKI, P.C.

Dariusz M. Winnicki *°
Brian T. Keane ◊°
Richard L. Ravin *°□
Daniel L. Schmutter*
Andrew T. Wolfe ◊
Samantha N. Polizzi ◊
Steven B. Gladis ◊ ×

74 PASSAIC STREET
RIDGEWOOD, NEW JERSEY 07450

\* \* \*

WEBSITE
www.hartmanwinnicki.com

Phone: (201) 967-8040
Fax:    (201) 967-0590

Porter E. Hartman (1920-2009)
Charles R. Buhrman (1938-1994)
William T. Marsden (1943-1993)
Cyrus D. Samuelson (1911-1998)

\* New York and New Jersey Bars
° Florida Bar
□ Washington, D.C. Bar
◊ New Jersey Bar
× Pennsylvania Bar

September 4, 2018

**Via Email**
Janine N. Matton
Assistant Attorney General
Office of the Attorney General
P.O. Box 080
Trenton, NJ 08625

    Re:    **Grewal v. Defense Distributed, et al.**
            **Docket No.: 18-cv-13248-SDW-LDW**

Dear Ms. Matton:

    We are responding to your letter of August 30, 2018.

    Your letter requests several acknowledgements concerning the computer files that are issue in this case, which is now docketed in the United States District Court for the District of New Jersey as case number 2:18-cv-13248-SDW-LDW and styled *Gurbir S. Grewal v. Defense Distributed et al.* At present, the files at issue in this case are the files described as "Published Files," "Ghost Gunner Files," and "CAD Files" by the Settlement Agreement of June 29, 2018 between Defense Distributed, the Second Amendment Foundation, Inc., Conn Williamson, the United States Department of State, the Secretary of State, the Directorate of Defense Trade Controls, the Deputy Assistant Secretary, Defense Trade Controls, and the Director, Office of Defense Trade Controls Policy; and the United States Department of State's July 27, 2018 letter to Mr. Cody Wilson, Defense Distributed, and Second Amendment Foundation, Inc.

    As an initial matter, your letter appears to address several issues not within the scope of this litigation, and therefore seems overly broad. Nevertheless, please note the following:

Janine N. Matton
September 4, 2018
Page 2

     First, your letter requests an acknowledgement about whether New Jersey residents can download the files at issue in this case from websites published by Defense Distributed. They cannot because Defense Distributed has removed the files from its website. Of course, the files remain available at many other websites not maintained by Defense Distributed. Links to the files are also available from the federal courts on Pacer.gov.

     Defense Distributed removed the files at issue in this litigation from its website after a temporary restraining order was issued in *State of Washington, et al., v. United States Department of State, et al.*, No. C18-1115RSL (W.D. Wash.) (Lasnik, J.). Given that the State of New Jersey is a party to that action and represented by counsel, we have presumed that you are fully aware of its proceedings. For the avoidance of any doubt, we refer you to that action's docket number 95, an order entered by United States District Judge Robert S. Lasnik on August 27, 2018 (four days before your letter). That order identifies the files at issue in that case as the files that are at issue in this case and finds that Defense Distributed "took them down when the temporary restraining order was entered." *Id.* ECF No. 95 at 22. That finding remains true, and Defense Distributed will maintain that state of affairs until the Western District of Washington's injunction is dissolved or Defense Distributed is otherwise relieved of effect by a court of competent jurisdiction.

     Second, your letter requests an acknowledgement about whether Defense Distributed will cease uploading "any additional files." To the extent that this request concerns the files at issue in this case, it is addressed by the foregoing explanation. To the extent that this request concerns files *not at issue in this case*, Defense Distributed is under no such obligation.

     Finally, we wish to clarify the matter of the order that was entered on July 31 by the Superior Court of New Jersey. The hearing you refer to concerned nothing but the files at issue in this case, and so did the order that resulted from it. More importantly, the order did not constitute a restraint or injunction of any kind. All that the order did was set a hearing date and briefing schedule for the matter of your request for a preliminary injunction and acknowledge a voluntary forbearance by Defendants. This is why the court, by hand, *struck out* the proposed order's phrase "are temporarily enjoined and restrained from," and that is why the court, by hand, *struck out* the proposed order's provision about the right to "dissolve or modify the temporary restraints herein contained" on two days' notice, which is mandatory when entering temporary restraints.

     A recitation about what parties have said and agreed to at a hearing is not an injunction, and neither are the hearing statements selectively quoted by your letter. If you believe that you have a legitimate cause of action for the violation of an agreement occurring during that hearing — despite the fact that Defendants have undertaken taken all appropriate steps, voluntarily and in good faith, since the hearing — please explain the basis for it in detail so that we may respond appropriately.

     We further note, in the United States District Court for the Western District of Washington, counsel representing the State of New Jersey took the position that the law prohibits only "internet posting" of the files but that it is legal for Defense Distributed to "hand them around domestically." August 21, 2018 Motion Hearing, Verbatim Report of Proceedings Before the Honorable Robert

Janine N. Matton
September 4, 2018
Page 3

S. Lasnik, United States District Judge at 23, *State of Washington, et al., v. United States Department of State, et al.*, No. C18-1115RSL (W.D. Wash.).

Very truly yours,

DANIEL L. SCHMUTTER

DLS/srs
cc:    Chad Flores, Esq. (via email)
       Matthew Goldstein, Esq. (via email)
       Defense Distributed (via email)