

## State of New Jersey

PHILIP D. MURPHY
*Governor*

SHEILA Y. OLIVER
*Lt. Governor*

OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
25 MARKET STREET
PO BOX 112
TRENTON, NJ 08625-0112

GURBIR S. GREWAL
*Attorney General*

MICHELLE L. MILLER
*Director*

February 12, 2019

The Honorable Anne E. Thompson
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ  08608

   Re: <u>Defense Distributed, et al. v. Gurbir Grewal</u>
     Civ. No. 19-cv-4753

Dear Judge Thompson:

  In advance of tomorrow's phone conference regarding scheduling in *Defense Distributed v. Grewal*, Case No. 3:19-cv-04753, Defendant Attorney General Gurbir Grewal submits this letter to provide important information bearing on Plaintiffs' application for a Temporary Restraining Order (TRO) and on the timeline for responding. The Attorney General's Division of Criminal Justice (DCJ) has concluded that a key document supporting Plaintiff's TRO application—a "takedown notice" purportedly sent by DCJ to CloudFlare, Inc., which hosts one of the plaintiff's websites, CodeIsFreeSpeech.com—was not in fact issued by DCJ, and appears to have been issued by some entity impersonating the Attorney General's Office. We are including a certification that details our office's investigation so far. In addition, we have referred the matter to the U.S. Attorney's Office for the District of New Jersey.

  By way of background, after one of the plaintiffs sought to disseminate electronic files for the direct three-dimensional (3D) printing of firearms—making dangerous and untraceable guns available to anyone that has access to a 3D printer, including terrorists, domestic abusers, felons, and anyone else disqualified from gun ownership—the New Jersey Legislature took action. The state's law, enacted in November 2018, restricts the distribution of [1] digital instructions [2] in the form of computer-aided design (CAD) files or other code or instructions stored and displayed in electronic format as a digital model [3] that may be used to program a 3D printer to manufacture or produce a firearm, firearm receiver, magazine, or firearm component. *See* N.J. Stat. Ann. §2C:39-9(l)(2). Plaintiffs are seeking a TRO to enjoin enforcement of this law.



HUGHES JUSTICE COMPLEX • TELEPHONE: (609) 376-3232 • FAX: (609) 292-0690
*New Jersey Is An Equal Opportunity Employer • Printed on Recycled Paper and Recyclable*

In Plaintiffs' Complaint, and again in their Motion for a Temporary Restraining Order and Preliminary Injunction, Plaintiffs demand an immediate injunction because Defendant purportedly "issued a takedown demand and threat of prosecution against Cloudflare," the service provider for one of the plaintiff's websites, CodeIsFreeSpeech.com. *See* ECF Dkt. 1-0, ¶¶ 92-94; Dkt. 1-8 at 17 ("Doubts about whether or not Grewal will apply the new speech crime to Defense Distributed's CAD files were put to rest on February 2, 2019, when he did just that. In a takedown notice directed at CodeIsFreeSpeech.com, Grewal expressly identified CAD files that Defense Distributed had first published and declared them to be '3D printable firearms in violation of [§ 3(l)(2)].'"). Plaintiffs rely on this notice to allege that Defendant is trying "to compel the complete and total suppression of the political speech at CodeIsFreeSpeech.com." Dkt. 1-8 at 17. Plaintiffs highlight that the purported takedown notice not only demands removal of CAD files that may be used to manufacture firearms, but also removal of "links to other advocacy websites and their educational and political resources, links to political tee shirts, and even the very text of the United States Constitution itself." Dkt. 1-8 at 17. (The purported takedown notice can be found at Dkt. 1-7, Ex. F, and at Dkt. 1-11, Declaration of Brandon Coombs, ¶¶ 15-17.)

As noted, we have no reason to believe the Attorney General's Office filed this takedown notice with Cloudflare, and our investigation thus far demonstrates the office did not do so. We have conferred with all relevant parties within the Attorney General's Office—including DCJ and the New Jersey State Police—and there is no evidence that anyone within the Office authorized its filing. In an effort to determine who, in fact, issued the notice, DCJ assigned two investigators to review the matter, who obtained the IP address of the device used to submit the notice to Cloudflare, and learned that the IP address is associated with a server located in the Slovak Republic. This IP address is not connected to DCJ, nor would DCJ use this type of proxy server for routine communications with third parties.

The Attorney General's Office will continue to investigate who used the proxy address to file an abuse report purportedly from the Division of Criminal Justice. The Attorney General's Office has also referred the matter to the U.S. Attorney's Office for the District of New Jersey.

We would be happy to provide more information at, or after, tomorrow's phone conference.

Respectfully submitted,

GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY

By: */s/ Glenn J. Moramarco*
    Glenn J. Moramarco
    Assistant Attorney General