# EXHIBIT 23

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DEFENSE DISTRIBUTED and<br>SECOND AMENDMENT FOUNDATION, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF STATE, et al.,<br><br>Defendants. | § § § § § § § § § § § § | Case No. 15-CV-372 |

### DECLARATION OF CODY WILSON

I, Cody Wilson, declare:

1. I am a citizen of the United States and a resident of Texas.

2. I co-founded and now lead Defense Distributed, a Texas non-profit corporation. Defense Distributed is organized and operated for the purpose of defending the civil liberty of popular access to arms guaranteed by the United States Constitution through facilitating global access to, and the collaborative production of, information and knowledge related to the 3D printing of arms; and to publish and distribute, at no cost to the public, such information and knowledge on the Internet in promotion of the public interest.

3. Beginning in 2012, Defense Distributed privately generated, and posted on the Internet for free access by the public, technical information about various gun-related items, including a trigger guard, grips, two receivers, a magazine for AR-15 rifles, and a handgun named "The Liberator" (the "Published Files"). At the time it did so, there were no publicly known DDTC enforcement actions for the posting of files on the Internet.

4.     The Published Files were downloaded hundreds of thousands times. The Liberator files in particular generated national media attention, with coverage in Forbes, CNN, NBC News, the Wall Street Journal, and even an episode of The Colbert Report.

5.     In May 2013, Defense Distributed received a letter dated May 8, 2013, from Glenn Smith, Chief of Defendant DDTC's Enforcement Division. The letter warned:

> DTCC/END is conducting a review of technical data made publicly available by Defense Distributed through its 3D printing website, DEFCAD.org, the majority of which appear to be related to items in Category I of the USML. Defense Distributed may have released ITAR-controlled technical data without the required prior authorization from the Directorate of Defense Trade Controls (DDTC), a violation of the ITAR . . . all such data should be removed from public access immediately.

Exhibit 1 is a true and correct copy of that letter.

6.     At the time it posted the Published Files, Defense Distributed did not know that the government would demand to pre-approve its speech. Defense Distributed believed, and continues to believe, that the United States Constitution guarantees a right to share truthful speech—especially speech concerning fundamental constitutional rights—in open forums. Nevertheless, for fear of criminal and civil enforcement, Defense Distributed promptly complied with Defendants' demands and removed all of the Published Files from its servers.

7.     Defendants' letter further directed Defense Distributed to submit the Published Files to DDTC for review using the "commodity jurisdiction" procedure. Defense Distributed complied with Defendants' request and filed ten (10) commodity jurisdiction requests covering the Published Files on June 21, 2013. Exhibit 13 is a true and correct copy of those requests (without attachments). Nearly two years later, Defendants have still not responded to the requests.

8. On September 25, 2014, Defense Distributed requested DOPSR's prepublication approval for public release of files containing technical information on a milling machine, named the "Ghost Gunner," that can be used to manufacture a variety of items, including gun parts (the "Ghost Gunner Files").[1] Exhibit 14 is a true and correct copy of that request (without attachments). On October 1, 2014, DOPSR informed Defense Distributed this request for review was refused because DOPSR was unsure whether the Ghost Gunner was subject to ITAR. DOPSR further recommended that Defense Distributed submit another commodity jurisdiction request to the Defendants. Exhibit 15 is a true and correct copy of DOPSR's October 1, 2014 correspondence to Defense Distributed.

9. Defense Distributed submitted another commodity jurisdiction request for the Ghost Gunner to Defendants on January 2, 2015. Exhibit 16 is a true and correct copy of that request (without attachments). On April 15, 2015, Defendant DDTC determined that the Ghost Gunner machine, user manual, and operating software are not subject to ITAR, but that "software, data files, project files, coding, and models for producing a defense article, to include 80% AR-15 lower receivers, are subject to the jurisdiction of the Department of State in accordance with [ITAR]." Exhibit 17 is a true and correct copy of DOPSR's April 15, 2015 correspondence to Defense Distributed.

10. Since September 2, 2014, Defense Distributed has made multiple requests to DOPSR for prepublication review of certain computer-aided design ("CAD") files. Exhibits 18 through 21 are true and correct copies of these requests (without attachments). On December 31,

---

[1] Any milling machine can be modified to mill components that are unlawful to manufacture, just as any saw that may be purchased at a hardware store can be used to unlawfully shorten a shotgun. However, Ghost Gunner does not ship with the jigs and code to

2014, nearly four months after the first such review request, DOPSR sent Defense Distributed two letters dated December 22, 2014, stating its refusal to review the CAD files. The letters directed Defense Distributed to the DDTC Compliance and Enforcement Division for further questions on public release of the CAD files. Exhibit 22 is a true and correct copy of DOPSR's December 31, 2014 correspondence to Defense Distributed.

11.     However, because this is not the DDTC division responsible for issuing licenses or other DDTC authorizations, on January 5, 2015, Defense Distributed requested Defendants' guidance on how to obtain authorization from DDTC Compliance for release of the CAD files. Exhibit 23 is a true and correct copy of that request (without attachments). To date, Defendants have not responded to Defense Distributed's request for guidance.

12.     Defense Distributed appears to be the ITAR prior restraint scheme's *only* target. Other websites containing similar firearm-related parts, such as GrabCAD.com, Weaponeer.com, Thingiverse.com, Ak-builder.com, AR15.com, Scribd.com, CNCguns.com, we are apparently unimpeded.

13.     Defense Distributed has and will continue to create and possess other files that contain technical information, to include design drawings, rendered images, written manufacturing instructions, and other technical information that Defense Distributed intends to post to open forums on the Internet. Many of these files are described in the USML.

14.     But for Defendants' impositions upon the distribution of the Published Files, Ghost Gunner Files, CAD Files, and Defense Distributed's other files (collectively, the "Subject Files"), Defense Distributed would freely distribute the Subject Files and other files relating to

---

manufacture machine guns, and Defense Distributed has no intention of offering such items for sale.

Second Amendment arms. Defense Distributed refrains from distributing the Subject Files because I fear that Defendants would pursue criminal and civil enforcement proceedings against me and the company for doing so.

I declare under penalty of perjury that the foregoing is true and correct.

This the 8th day of May, 2015.

Cody Wilson

Scanned by CamScanner