# EXHIBIT 54

**Thursday, February 14, 2019 at 12:19:10 PM Central Standard Time**

| | |
|---|---|
| **Subject:** | Defense Distributed et al. v Grewal, No. 3:19-cv-04753-AET-TJB (D.N.J.) |
| **Date:** | Thursday, February 14, 2019 at 12:17:30 PM Central Standard Time |
| **From:** | Chad Flores <Cflores@beckredden.com> |
| **To:** | Jeremy Feigenbaum <Jeremy.Feigenbaum@njoag.gov>, katherine.gregory@law.njoag.gov <katherine.gregory@law.njoag.gov>, Melissa Medoway <Melissa.Medoway@law.njoag.gov>, Glenn Moramarco <Glenn.Moramarco@law.njoag.gov> |
| **CC:** | Daniel L. Schmutter <dschmutter@hartmanwinnicki.com> |
| **Attachments:** | Letter February 14 2019.pdf |

Dear Counsel,

I attach an important letter regarding this case. In addition to this e-mail, a printed copy is being mailed to you.

_____
Chad Flores
Partner • Beck Redden LLP
cflores@beckredden.com
(713) 951-6268



1221 McKinney Street, Suite 4500 | Houston, Texas 77010
Phone 713.951.3700 | Fax 713.951.3720
www.beckredden.com

CHAD FLORES
BOARD CERTIFIED ♦ CIVIL APPELLATE LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

DIRECT (713) 951-6268
cflores@beckredden.com

February 14, 2019

Jeremy Feigenbaum
Katherine Gregory
Melissa Medoway
Office of the New Jersey Attorney General
124 Halsey Street, Fifth Floor
Newark, NJ 07101

Glenn Moramarco
Office of the New Jersey Attorney General
25 Market Street, First Floor
Trenton, NJ 08625

Re:   *Defense Distributed et al. v Grewal*, No. 3:19-cv-04753-AET-TJB (D.N.J.)

Dear Counsel,

The letter you filed with the Court on Tuesday disclaimed *one* of the threats that had apparently been made by Attorney General Grewal against the Plaintiffs. But the letter did *not* disclaim any of the other threats that have been made against the Plaintiffs by the Attorney General. So, we pose the case's most immediate question in no uncertain terms: If Defense Distributed, the Second Amendment Foundation, or CodeIsFreeSpeech.com publish the computer files at issue, will Attorney General Gurbir Grewal bring civil or criminal enforcement actions against them for it?

Currently, every account of the Attorney General's actions since July 2018 establishes that he will, indeed, punish the Plaintiffs for sharing these computer files by deploying the civil and criminal legal tools at his disposal. In the event that the files are published again, he threatens to sue the Plaintiffs in civil actions to enjoin the speech. No letter disclaims that. In the event that the files are published again, he threatens to coerce the Plaintiffs' service providers to shut down the speech. No letter disclaims that. Worst of all, in the event that the files are published again, he threatens to use prosecution under the speech crime to jail the Plaintiffs. No letter disclaims that. Hence, the threats warranting a preliminary injunction against the Attorney General are as real and imminent as ever.

At the *Defense Distributed II* preliminary injunction hearing before the United States District Court for the Western District of Texas, we asked the Attorney General whether he still intends to stop publication of the files at issue via the mail. No disclaimer occurred. He equivocated, which does nothing but continue the infliction of censorship's irreparable harms upon the Plaintiffs.

To avoid a preliminary injunction here, the Attorney General would need to unequivocally disclaim *all* of his current threats. In particular, he would need to take the position that New Jersey Statute 2C:39-9(*l*)(2) will not be enforced against the Plaintiffs as punishment for publishing the files at issue via the internet or via the mail. Will he do so? Likewise for the civil punishments he threatens (*e.g.*, civil lawsuits and cease-and-desist orders). Will he now unequivocally disclaim these threats?

February 14, 2019
Page 2 of 2

      As you know, the March 20 hearing on our motion for a preliminary injunction is nearing and we are due to submit amended filings, if any, by February 20.  Time is of the essence.

      If the Attorney General wishes to narrow this dispute by unequivocally disclaiming any or all of his existing threats, we request that it be done no later than February 19 so that we may accurately prepare our next filing.  Otherwise, we will proceed on the understanding that the Attorney General stands by the position that he has staked out ever since July 2018: If Defense Distributed, the Second Amendment Foundation, or CodeIsFreeSpeech.com publish the computer files at issue via the mail or via the internet, Attorney General Grewal will respond by enforcing the speech crime of New Jersey Statute 2C:39-9(*l*)(2) against them, by using civil enforcement mechanisms to direct the Plaintiffs to cease and desist publishing the files at issue, and/or by using civil enforcement mechanisms to direct the Plaintiffs' communication service providers to cease and desist publishing the files at issue.

      Sincerely,

      */s/ Chad Flores*

      Chad Flores
      Counsel for Plaintiffs