

*State of New Jersey*

PHILIP D. MURPHY
*Governor*

SHEILA Y. OLIVER
*Lt. Governor*

OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
25 MARKET STREET
PO Box 112
TRENTON, NJ 08625-0112

GURBIR S. GREWAL
*Attorney General*

MICHELLE L. MILLER
*Director*

March 3, 2019

The Honorable Anne E. Thompson
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

      Re:    <u>Defense Distributed, et al. v. Gurbir Grewal</u>
             Civ. No. 19-cv-4753

Dear Judge Thompson:

    Defendant New Jersey Attorney General Gurbir Grewal submits this letter to seek a status conference tomorrow, March 4, 2019, and to request a stay of all proceedings in this case. Plaintiffs Defense Distributed and Second Amendment Foundation, Inc. ("SAF") filed a motion on February 27, 2019, that seeks to revive their previously-filed suit in Texas—a suit that also challenges N.J. Stat. § 2C:39-9(*l*)(2) ("Section 3(*l*)(2)") and attempts to enjoin its implementation. In other words, these Plaintiffs are challenging the exact same law in two forums simultaneously, a plain violation of black letter law. Pursuant to the well-settled "first-filed rule," the proceedings before this Court should be stayed during the pendency of the Texas action.

    By way of background, on November 9, 2018 (the day after New Jersey enacted Section 3(*l*)(2)), these Plaintiffs filed a motion for a TRO arguing the law "violates the First Amendment, Commerce Clause, and Supremacy Clause." *Defense Distributed v. Grewal*, No. 1:18-cv-00637 ("the Texas action"), Dkt. 52, at 1. After the Court denied that order, Dkt. 53, these Plaintiffs filed a motion for a preliminary injunction asserting all four claims—under the First Amendment, the Due Process Clause, the Commerce Clause, and the Supremacy Clause—that they raise in the instant action, Dkt. 67, at 1-3. They also filed a second TRO motion, raising their First Amendment challenges, which the court denied. *See* Dkt. 66, 69. The court, on January 30, 2019, then denied the motion for a preliminary injunction and dismissed the case, reasoning that it lacked jurisdiction, and issued a final judgment that same day. *See* Dkts. 99, 100. Only then did Plaintiffs initiate the instant action in New Jersey—which, at the time appeared reasonable given the dismissal in Texas. But on February 27, Defense Distributed and SAF filed a motion asking the Texas court to "amend the judgment by withdrawing the decision to dismiss the Plaintiffs' action as to Defendant Gurbir Grewal." Dkt. 102, at 6. In other words, Defense Distributed and SAF are continuing to challenge Section 3(*l*)(2) in Texas—the jurisdiction where they first filed.

HUGHES JUSTICE COMPLEX • TELEPHONE: (609) 376-3232 • FAX: (609) 292-0690
*New Jersey Is An Equal Opportunity Employer • Printed on Recycled Paper and Recyclable*

These Plaintiffs' efforts to litigate the same claims against Defendant in multiple forums at the same time violates black letter law; under the well-settled "first-filed rule," the proceedings before this Court (the second-filed forum) should be stayed. The first-filed rule "is a comity-based doctrine stating that, when duplicative lawsuits are filed successively in two different federal courts, the court where the action was filed first has priority." *Chavez v. Dole Food Co.*, 836 F.3d 205, 210 (3d Cir. 2016). The rule gives second-filed courts authority to "stay, transfer, or dismiss the case before it." *Id.* Indeed, as the Third Circuit held, "in the vast majority of cases, a court exercising its discretion under the first-filed rule should stay or transfer a second-filed suit." *Id.* at 220. That makes sense: "Because a stay confines litigants to the first forum until proceedings there have concluded, a stay will generally avoid wasted judicial efforts, conflicting judgments, and unnecessary friction between courts." *Id.*; *see also EEOC v. Univ. of Pa.*, 850 F2d 969, 971 (3d Cir. 1988) ("The first-filed rule encourages sound judicial administration and promotes comity among federal courts of equal rank."); *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 930 (3d Cir. 1941) (same).

This case is analogous to *Chavez*, and, consequently, a stay is similarly warranted here. In *Chavez*, the plaintiffs filed two federal suits against their employers, first in Louisiana and then in Delaware, out of concern that the claims might be untimely in at least one jurisdiction. 836 F.3d at 213-14. On those facts, the Third Circuit applied the first-filed rule to stay the second-filed lawsuit. Here, too, Defense Distributed and SAF are forum shopping and trying to litigate in two jurisdictions at once, first in the Western District of Texas and then in the District of New Jersey, hoping that one or the other will ultimately enjoin Section 3(*l*)(2). As in *Chavez*, the second-filed suit—in this case, the New Jersey litigation—should be stayed pending the first. It is fundamentally unfair to require the State (or any defendant) to simultaneously defend itself in separate lawsuits brought by a single set of plaintiffs in separate jurisdictions.

Accordingly, Defendant respectfully requests that this Court stay all proceedings in the instant litigation pending final resolution of the Texas action. We would be happy to provide additional information at any status conference, should this Court choose to schedule one.

    Respectfully submitted,

    GURBIR S. GREWAL
    ATTORNEY GENERAL OF NEW JERSEY

    By: */s Glenn J. Moramarco*
        Glenn J. Moramarco
        Assistant Attorney General