UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Defense Distributed,<br>Second Amendment Foundation, Inc.,<br>Firearms Policy Coalition, Inc.,<br>Firearms Policy Foundation,<br>The Calguns Foundation,<br>California Association of Federal<br>Firearms Licensees, Inc., and<br>Brandon Combs,<br>                    *Plaintiffs*,<br><br>          v.<br><br>Gurbir Grewal, Attorney General of the<br>State of New Jersey,<br>                    *Defendant*. | No. 3:19-cv-04753-AET-TJB |

**Plaintiffs' Response to Document 20**

BECK REDDEN LLP
Chad Flores
cflores@beckredden.com
Daniel Hammond
dhammond@beckredden.com
Hannah Roblyer
hroblyer@beckredden.com
1221 McKinney Street, Suite 4500
Houston, Texas 77010
(713) 951-3700

HARTMAN & WINNICKI, P.C.
Daniel L. Schmutter
dschmutter@hartmanwinnicki.com
74 Passaic Street
Ridgewood, New Jersey 07450
(201) 967-8040

Josh Blackman*
joshblackman@gmail.com
1303 San Jacinto Street
Houston, TX 77002
(202) 294-9003
**Pro hac vice* motion to be filed

Counsel for Plaintiffs

Plaintiffs file this response to Document 20, the letter filed by Defendant Gurbir Grewal seeking a status conference and requesting a stay.

## Discussion

Yesterday, Defendant Gurbir Grewal submitted a "letter to seek a status conference tomorrow, March 4, 2019, and to request a stay of all proceedings in this case." Doc. 20 at 1. Grewal did not confer with the Plaintiffs about this submission. Plaintiffs hereby set forth their position.

First, the letter seeks a status conference. Plaintiffs do not object to the procedure by which Grewal seeks a status conference, and would gladly participate in any status conference the Court sets. But for the reasons set forth below, no status conference is warranted.

Second, the letter requests a stay. Plaintiffs object to the procedure by which Grewal seeks the stay. This request should have to comply with the orthodox rules governing an application for relief, which have not been complied with here.

Specifically, Grewal's submission of Document 20 violates Federal Rule of Civil Procedure 7 and Local Civil Rule 7.1 multiple times over. Federal Rule of Civil Procedure 7 mandates that any "request for a court order must be made by motion," Fed. R. Civ. P. 7(b)(1), and Local Civil Rule 7.1 provides that, unless the Court advises otherwise (which it has not), "all motions, regardless of their complexity and the relief sought, shall be presented and defended in the manner set forth in L.Civ.R. 7.1." Thus, this application is subject to Local Civil Rule 7.1(d)(1):

"No application will be heard unless the moving papers and a brief, prepared in accordance with L.Civ.R. 7.2, and proof or acknowledgment of service on all other parties, are filed with the Clerk at least 24 days prior to the noticed motion day." The application for a stay with the Document 20 letter violates all of these rules.

Plaintiffs object to Grewal's application being heard in violation of those rules. No action should be taken on the application unless and until both (1) Grewal presents the application in compliance with the applicable procedural rules, and (2) the Plaintiffs are afforded an adequate opportunity to present a substantive response.

Enforcing the Court's orthodox procedural rules does not cause unfairness. Grewal can assert whatever arguments he wishes in response to Plaintiffs' motion for a preliminary injunction. Apart from that, Federal Rule of Civil Procedure 12 supplies a completely adequate procedural framework for Grewal's assertion of the defense/objection at issue. Nothing said in Document 20 constitutes an emergency or otherwise warrants a departure from standard operating procedures.

## Conclusion

For these reasons, Plaintiffs request that the Court take no action on the Document 20 application for a stay unless and until both (1) Defendant Gurbir Grewal presents the application in compliance with all applicable procedural rules, and (2) the Plaintiffs are afforded an adequate opportunity to present a substantive response to the application. Plaintiffs also suggest that, in light of this, no status conference is required at this time.

Date: March 4, 2019

BECK REDDEN LLP
Chad Flores
cflores@beckredden.com
Daniel Hammond
dhammond@beckredden.com
Hannah Roblyer
hroblyer@beckredden.com
1221 McKinney Street, Suite 4500
Houston, Texas 77010
(713) 951-3700

Respectfully submitted,

HARTMAN & WINNICKI, P.C.
s/ Daniel L. Schmutter
Daniel L. Schmutter
dschmutter@hartmanwinnicki.com
74 Passaic Street
Ridgewood, New Jersey 07450
(201) 967-8040

Josh Blackman*
joshblackman@gmail.com
1303 San Jacinto Street
Houston, TX 77002
(202) 294-9003
*Pro hac vice motion to be filed

Counsel for Plaintiffs