UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Defense Distributed,<br>Second Amendment Foundation, Inc.,<br>Firearms Policy Coalition, Inc.,<br>Firearms Policy Foundation,<br>The Calguns Foundation,<br>California Association of Federal<br>Firearms Licensees, Inc., and<br>Brandon Combs,<br>               *Plaintiffs*,<br><br>v.<br><br>Gurbir Grewal, Attorney General of the State of New Jersey,<br>               *Defendant*. | No. 3:19-cv-04753-AET-TJB |

**Plaintiffs' Response to Document 22**

BECK REDDEN LLP
Chad Flores
cflores@beckredden.com
Daniel Hammond
dhammond@beckredden.com
Hannah Roblyer
hroblyer@beckredden.com
1221 McKinney Street, Suite 4500
Houston, Texas 77010
(713) 951-3700

HARTMAN & WINNICKI, P.C.
Daniel L. Schmutter
dschmutter@hartmanwinnicki.com
74 Passaic Street
Ridgewood, New Jersey 07450
(201) 967-8040

Josh Blackman*
joshblackman@gmail.com
1303 San Jacinto Street
Houston, TX 77002
(202) 294-9003
**Pro hac vice* motion to be filed

Counsel for Plaintiffs

Plaintiffs file this response to Document 22, the letter filed by Defendant Gurbir Grewal seeking an extension of the deadline to file his response to the Plaintiffs' motion for a preliminary injunction. No extension should be granted.

## Discussion

Once again, *see* Doc. 20, Defendant Gurbir Grewal has submitted an application for relief without conferring with the Plaintiffs beforehand. This time, Grewal "requests an extension of time to file its opposition to the motion for a preliminary injunction until either March 8, 2019, or until such time as ordered by the Court at the status conference," on the theory that such "relief is necessary to preserve the status quo while this Court considers whether it is appropriate for Plaintiffs to be litigating their claims in two separate judicial forums at the same time." Doc. 22. Before a ruling occurs, the Plaintiffs' position should be known.

Regardless of what happens to the filing deadline at issue, Plaintiffs respectfully request that the hearing date for Plaintiffs' motion for a preliminary injunction remain set at March 20, 2019. *See* Doc. 12 (scheduling order). Without question, a hearing delay would worsen the irreparable harm that Plaintiffs are suffering from with every passing day. *See* Doc. 18-1 at 3-4. To be clear, Grewal has not asked for the hearing date to change. But in light of this eleventh-hour request for a briefing extension, which was made without conferring, it is worthwhile to re-emphasize the importance of adhering to the March 20 hearing date that all sides agreed to during the last status conference.

With respect to Grewal's instant request for an extension of time, Plaintiffs' position is twofold. Primarily, Plaintiffs respectfully submit that no extension of Grewal's filing deadline is warranted. Alternatively, if the extension of Grewal's filing deadline is granted, Plaintiffs respectfully submit that the Court should hold the next status conference after the preliminary injunction response has been filed.

First, no extension is warranted because Grewal's request comes too late. Since day one of this action, Grewal has known everything there is to know about the most recent case in the Texas, *Defense Distributed et al. v. Grewal et al.*, No. 1:18-cv-637-RP (W.D. Tex.) (hereinafter "*Defense Distributed II*"). In particular, since day one of this action, Grewal has known what the final judgment in *Defense Distributed II* orders. For all present intents and purposes, that case is over and done. On January 30, 2019, the *Defense Distributed II* district court issued a final judgment dismissing the claims against Grewal without prejudice *and* ordering that "Plaintiffs may pursue their claims in a court of proper jurisdiction." *Id.* at Doc. 100 at 15. The *Defense Distributed II* final judgment retains its full force, defining the current state of affairs and expressly authorizing the instant action.[1] To the extent that Grewal dislikes Judge Pitman's decision to expressly authorize the instant suit, he should appeal that decision to the Fifth Circuit—not collaterally attack it here.

---

[1] The *Defense Distributed II* filing that Grewal's cites does not disrupt the final judgment. It is a motion under Federal Rule of Civil Procedure 59 that leaves the final judgment exactly as it is. No request for a stay of that judgment or suspension of that judgment's execution has occurred.

Hence, Grewal has known all about *Defense Distributed II* since the very beginning. If he wanted special scheduling treatment of a "first-filed" stay argument vis-à-vis the preliminary injunction proceedings, he should have asked for that at the scheduling conference held on February 13, 2019. *See* Doc. 11. Now is too late.

Second, no extension is warranted because Grewal's "first-filed" stay argument need not be litigated in advance of the motion for a preliminary injunction. Nothing in the law exalts "first-filed" stay arguments to a special status deserving of immediate treatment with bespoke schedules. To the contrary, Grewal can fully and fairly litigate this issue under Federal Rule of Civil Procedure 12's motion process (as was done in the *Chavez* case Grewal invokes). Grewal can also litigate it as part of the opposition to the Plaintiffs' motion for a preliminary injunction. Both of those opportunities exist already and do not require any scheduling alterations.

Third, no extension is warranted because it would prejudice the Plaintiffs. The current scheduling order makes Plaintiffs' reply due on March 11, which is five calendar days—including a Saturday and Sunday—after Grewal's current response deadline. Doc. 12 at 2. Plaintiffs agreed to that compressed schedule because of the understandable need to afford both the Court and Grewal adequate preparation time in advance of the March 20 hearing. But if Grewal's requested extension is granted to allow a response filing on March 9, the Plaintiffs will receive only 72 hours (over a Saturday and Sunday) to formulate the reply brief. Nothing about Grewal's stay argument warrants the imposition of such an extreme burden.

If Grewal truly believes that the "first-filed" stay argument effects the motion for a preliminary injunction, he should say so in the response that is due tomorrow. Lack of time to prepare the argument for that filing is no excuse, and neither is lack of space. If Grewal had conferred about this matter before seeking relief, he would have learned that that Plaintiffs would agree to extend the response's page limits so long as the reply's page limits are extended accordingly. In any case, for the reasons set forth above, the Plaintiffs oppose Grewal's request to have the preliminary injunction briefing and hearing schedule held hostage by a tardy argument that can be fully and fairly adjudicated otherwise.

Alternatively, if Grewal's filing deadline for the preliminary injunction response is extended, Plaintiffs submit that the Court should hold the next status conference *after* Grewal's response and/or Plaintiff's reply is filed. That way the Court can fairly assess the need for additional proceedings, if any, with a full view of what the preliminary injunction filings entail. Grewal's request to have a status conference occur *before* filing his response amounts to gamesmanship. Meanwhile, his unending and unconstitutional censorship campaign continues inflict irreparable harms of the highest constitutional order upon the Plaintiffs.

## Conclusion

The Court should deny Grewal's request for an extension of time to file his opposition to the motion for a preliminary injunction, and should hold the next scheduling conference after that response and/or Plaintiffs' reply is filed.

Date: March 5, 2019

BECK REDDEN LLP
Chad Flores
cflores@beckredden.com
Daniel Hammond
dhammond@beckredden.com
Hannah Roblyer
hroblyer@beckredden.com
1221 McKinney Street, Suite 4500
Houston, Texas 77010
(713) 951-3700

Respectfully submitted,

HARTMAN & WINNICKI, P.C.
<u>s/ Daniel L. Schmutter</u>
Daniel L. Schmutter
dschmutter@hartmanwinnicki.com
74 Passaic Street
Ridgewood, New Jersey 07450
(201) 967-8040

Josh Blackman*
joshblackman@gmail.com
1303 San Jacinto Street
Houston, TX 77002
(202) 294-9003
*Pro hac vice motion to be filed

Counsel for Plaintiffs