**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 19-1729 & 19-3182
_____

DEFENSE DISTRIBUTED; SECOND AMENDMENT
FOUNDATION INC; FIREARMS POLICY COALITION
INC; FIREARMS POLICY FOUNDATION; CALGUNS
FOUNDATION; CALIFORNIA ASSOCIATION OF
FEDERAL FIREARMS LICENSEES INC;
BRANDON COMBS,
Appellants

v.

ATTORNEY GENERAL STATE OF NEW JERSEY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3-19-cv-04753)
District Judge: Honorable Anne E. Thompson
_____

Submitted under Third Circuit LAR 34.1(a)
February 28, 2020
_____

Before: McKEE, SHWARTZ, and PHIPPS, <u>Circuit Judges</u>.

(Filed: August 25, 2020)

Joshua Blackman
1303 San Jacinto Street
Houston, TX 77002

Charles Flores
Daniel N. Nightingale
Hannah Roblyer
Beck Redden
1221 McKinney Street
Suite 4500
Houston, TX 77010

Daniel L. Schmutter
Hartman & Winnicki
74 Passaic Street
Suite 101
Ridgewood, NJ 07650

   Counsel for Appellants

Glenn J. Moramarco
Timothy Sheehan
Office of Attorney General of New Jersey
Department of Law & Public Safety
25 Market Street
Richard J. Hughes Complex
Trenton, NJ 08625

   Counsel for Appellee

_____

OPINION

_____

SHWARTZ, Circuit Judge.

Defense Distributed, the Second Amendment Foundation ("SAF"), and other firearm interest organizations, together with one of their members ("Plaintiffs"), challenge the New Jersey Attorney General's efforts to prevent unregistered and unlicensed persons from distributing computer programs that can be used to make firearms with a three-dimensional ("3D") printer.[1]  When Plaintiffs sued in the United States District Court for the District of New Jersey, the same claims by some of the same plaintiffs were already pending in the United States District Court for the Western District of Texas ("the Texas action").  Plaintiffs moved for a preliminary injunction in New Jersey, but the District Court stayed the proceedings until the Texas action was resolved and dismissed the injunction motion.  Plaintiffs appeal the District Court's

_____

[1] In addition to Defense Distributed, an organization that publishes gun production computer files on the Internet, and SAF, whose members allegedly "seek to republish Defense Distributed's files," App. 10-11, Plaintiffs are the Firearms Policy Coalition, Inc., Firearms Policy Foundation, The Calguns Foundation, and California Association of Federal Firearms Licensees, Inc., which are organizations that maintain CodeIsFreeSpeech.com, a website that republishes Defense Distributed's files, and Brandon Combs, the creator of CodeIsFreeSpeech.com who serves in leadership positions in these organizations.

3

orders, asking us to direct that Court to decide the motion for a preliminary injunction. Because the District Court's stay and dismissal orders are not appealable, we will dismiss for lack of appellate jurisdiction.

I

Attorneys general from several states, including New Jersey, have initiated civil and criminal enforcement actions to prevent Defense Distributed from publishing computer files on the Internet that can make guns using a 3D printer. Def. Distrib. v. Grewal (Def. Distrib. II), 364 F. Supp. 3d 681, 686 (W.D. Tex. 2019) (explaining history), argued, No. 19-50723 (5th Cir. May 4, 2020). In response, in July 2018, Defense Distributed and SAF filed a complaint, alleging that actions by state attorneys general were a "coordinated and politically-fueled campaign to censor Defense Distributed" that violated various constitutional rights. Id. at 686. The Texas plaintiffs moved for a preliminary injunction, and the state attorneys general moved to dismiss for lack of personal jurisdiction. Id. at 685. On January 30, 2019, the Texas court granted the motions to dismiss and accordingly denied the motion for a preliminary injunction. Id. at 693.[2]

---

[2] The Court of Appeals for the Fifth Circuit has determined that personal jurisdiction exists and remanded for further proceedings. Defense Distributed v. Grewal, No. 19-50723 (5th Cir. Aug. 19, 2020).

Besides this action and the Texas action, Defense Distributed and SAF have been involved in three related cases. First, Defense Distributed and SAF challenged federal regulations requiring prior authorization to publish their files,

Six days later, Plaintiffs here filed this lawsuit.  Like in the Texas action, Plaintiffs alleged that "[w]ith a torrent of civil and criminal enforcement actions, [the Attorney General] is conducting a censorship campaign."  App. 8.  Proceeding under 42 U.S.C. § 1983, Plaintiffs allege that the Attorney General's actions violate their rights under the First and Second Amendments, the Equal Protection and Due Process Clauses of the Fourteenth Amendment, and the dormant Commerce Clause, and that the Attorney General's actions are preempted by the federal Arms Export Control Act and Communications Decency Act.

---

but their motion for a preliminary injunction failed.  Defense Distrib. v. U.S. Dep't of State (Def. Distrib. I), 121 F. Supp. 3d 680, 696, 701 (W.D. Tex. 2015), aff'd, 838 F.3d 451, 460 (5th Cir. 2016).   Defense Distributed, SAF, and the State Department settled and agreed that the State Department would modify the federal regulations (by an immediate, temporary modification of the regulations and a final rule).  Def. Distrib. II, 364 F. Supp. 3d at 685-86.  These regulations, however, have been preliminarily enjoined, and the temporary modification was vacated.  Washington v. U.S. Dep't of State (Washington I), 420 F. Supp. 3d 1130, 1148 (W.D. Wash. 2019), appeal dismissed, No. 20-35064 (9th Cir. July 21, 2020).  Just before Washington I reached final judgment, the State Department published its final rule, and state attorneys general challenged the rule in Washington v. U.S. Department of State (Washington II), --- F. Supp. 3d ----, 2:20-cv-00111-RAJ, 2020 WL 1083720, at *3 (W.D. Wash. Mar. 6, 2020).  The court preliminarily enjoined the State Department from implementing or enforcing the final rule.  Id. at *11.  Thus, federal regulations cannot be used as a basis to disseminate the files.

Two weeks later, Plaintiffs moved for a preliminary injunction on all claims except their Second Amendment and Equal Protection claims.   Meanwhile in the Texas action, Defense Distributed and SAF moved to amend the district court's judgment, arguing that (1) the court erred in its jurisdictional analysis and should "withdraw[] the decision to dismiss the Plaintiffs' action as to all defendants," and (2) they should be allowed to amend their complaint to include allegations that would support personal jurisdiction over the Attorney General specifically.  Pls.' Mot. to Alter or Amend the J., <u>Def. Distrib. II</u>, No. 1:18-CV-637 (W.D. Tex. Feb. 27, 2019), ECF No. 102.  Because Defense Distributed and SAF continued the litigation in the Texas action, the Attorney General requested a stay of the New Jersey proceedings.

At a March 7, 2019 conference on the stay request, the Attorney General explained that he was prepared to defend this action in the District of New Jersey, but that because Defense Distributed and SAF are pursuing the Texas action, the Attorney General is required to only defend in the first-filed Texas action.  In response, Plaintiffs argued that a stay was not proper because the New Jersey action had five additional plaintiffs, so the Texas action should not delay their right to relief.  The Court explained that the requested stay "require[s] us to exercise patience until Judge Pitman [the presiding judge in the Texas action] has ruled on [Defense Distributed and SAF's] motion.  That's all."  App. 999.

At the end of the conference, the District Court announced that it would stay the case.  The Court explained that "it's just a rule of the courts that you don't proceed in two courts at the same time, same parties, same issue."  App. 1005.

The Court then issued an order providing that "all proceedings in this action are STAYED until the action in the Western District of Texas . . . is resolved and no other motions for relief and/or appeals are viable."  App. 4.  Plaintiffs appealed that order.

Activity in New Jersey then paused, but activity in Texas continued.  The Texas court denied Defense Distributed and SAF's motion to amend the judgment, Order, Def. Distrib. II, No. 1:18-CV-637 (W.D. Tex. July 1, 2019), ECF No. 109, and they appealed the order dismissing their complaint for lack of jurisdiction, Notice of Appeal, Def. Distrib. II, No. 1:18-CV-637 (W.D. Tex. July 31, 2019), ECF No. 110; Brief of Appellants, Def. Distrib. v. Grewal, No. 19-50723 (5th Cir. Nov. 22, 2019), but did not request an injunction pending appeal from the Court of Appeals.

With the Texas action continuing, the District Court issued an order that provided:

> IT APPEARING that on March 7, 2019, the Court ordered that all proceedings in this action are stayed until the related action in the Western District of Texas . . . is resolved and no other motions for relief and/or appeals are viable . . . , ORDERED that Plaintiffs' Amended Motion for Preliminary Injunction . . . is DISMISSED without prejudice.  Plaintiffs may refile this Motion once the stay has been lifted in this action.

App. 1018.  Plaintiffs appealed that order.

In their consolidated appeal, Plaintiffs ask us to (1) hold that the District Court erred in staying the case and (2) direct the Court to decide their motion for a preliminary injunction.

## II

We must determine whether we have appellate jurisdiction over Plaintiffs' appeal.[3]  Since Congress first organized the federal judiciary in 1789, only final decisions of district courts have been appealable, subject to limited exceptions.  Abbott v. Perez, 138 S. Ct. 2305, 2319 (2018). Plaintiffs rely on the exception in 28 U.S.C. § 1292(a)(1), which grants appellate courts jurisdiction over "[i]nterlocutory orders of the district courts of the United States . . . refusing . . . injunctions."  Our jurisdiction under § 1292(a)(1) extends to the review of orders expressly denying injunctions and "orders that have the practical effect of . . . denying injunctions."  Rolo v. Gen. Dev. Corp., 949 F.2d 695, 702 (3d Cir. 1991) (emphasis omitted) (quoting Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 287-88 (1988)).  Section 1292(a)(1)'s exception to the final-decision rule is limited, so we construe § 1292(a)(1) narrowly.  Ross v. Zavarella, 916 F.2d 898, 902 (3d Cir. 1990).

The District Court did not expressly deny Plaintiffs' motion for a preliminary injunction, so we apply the test from Carson v. American Brands, Inc., 450 U.S. 79, 83 (1981), to determine whether the stay is a practical denial of an injunction.  See OFC Comm Baseball v. Markell, 579 F.3d

---

[3] The District Court had jurisdiction under 28 U.S.C. § 1331.  "Our authority to determine the extent of our own jurisdiction is plenary."  Papotto v. Hartford Life & Accident Ins. Co., 731 F.3d 265, 269 (3d Cir. 2013).

293, 298 (3d Cir. 2009).  If we conclude that the order has the "practical effect of refusing an injunction," then we determine whether the appellants have shown that the order has "serious, perhaps irreparable, consequence[s]" and "can be effectually challenged only by immediate appeal." Gillette v. Prosper, 858 F.3d 833, 840 (3d Cir. 2017) (quoting Carson, 450 U.S. at 84).

A

The orders here do not have the "practical effect of refusing an injunction." Gillette, 858 F.3d at 840.  "[A]n order staying . . . an action for equitable relief does not fall under section 1292(a)(1), even though it postpones . . . resolution of an action seeking injunctive relief." Cohen v. Bd. of Trs., 867 F.2d 1455, 1464 (3d Cir. 1989) (en banc); see also Gulfstream, 485 U.S. at 279 (explaining that an "order by a federal court that relates only to the conduct or progress of litigation before that court ordinarily . . . is not appealable under § 1292(a)(1)"). The stay order here fits squarely into what our Court described in Cohen as a non-appealable stay order: the District Court simply "postpone[d] . . . resolution of an action seeking injunctive relief," 867 F.2d at 1464, until Plaintiffs finished their litigation in Texas.[4]

Moreover, the District Court explained that it stayed consideration of Plaintiffs' motion because of an earlier filed

---

[4] We do not announce today a categorical rule that stays are never appealable.  Rather, we recognize that the stay here addresses only the conduct of litigation and simply "postpones . . . resolution of an action seeking injunctive relief," so it does not have the practical effect of denying an injunction on the merits.  Cohen, 867 F.2d at 1464.

9

case.  See generally Chavez v. Dole Food Co., Inc., 836 F.3d 205, 210 (3d Cir. 2016) (en banc) (instructing that "when duplicative lawsuits are filed successively in two different federal courts, the court where the action was filed first has priority," so the second-filed court should stay the case). Indeed, we have held that stay orders were not appealable in similar procedural postures.  For example, in Cotler v. Inter-County Orthopaedic Ass'n, P.A., we held that a stay of proceedings (wherein a plaintiff requested an injunction) pending related, though not identical, state court proceedings was not a practical denial of an injunction because "we have held that the stay by the district court of its own action pending conclusion of a proceeding before" another tribunal is "only a regulation of the course of the action itself."  526 F.2d 537, 540-41 (3d Cir. 1975) (collecting cases).[5]  Thus, pursuant to the well-established rule that stays are not practical denials of an injunction, the District Court's order staying the case pending the Texas action is not a practical denial of Plaintiffs' request for a preliminary injunction.

The District Court's order "dismiss[ing]" the motion for a preliminary injunction also does not qualify as a denial of an injunction.  App. 4 (capitalization omitted).  While the Court used the word "dismiss," a fair reading of the order and the record indicates that the Court was simply removing from its docket a motion that would not be acted on soon.  See Hoots v. Pennsylvania, 639 F.2d 972, 979 (3d Cir. 1981) (instructing

---

[5] Accord Spring City Corp. v. Am. Bldgs. Co., 193 F.3d 165, 171 (3d Cir. 1999) ("If the stay simply defers or postpones resolution of an action in federal court, then it is only a temporary measure not subject to appeal under 28 U.S.C. § 1291.").

that "[w]e must look beyond the text of the order" to determine its appealability).  By dismissing the motion without prejudice, the Court clearly conveyed that its order was not the final word on the request.  See Weber v. McGrogan, 939 F.3d 232, 242 (3d Cir. 2019) (explaining that a dismissal of a complaint without prejudice leaves "a live action still pending before the District Court"); Fed. Home Loan Mortg. Corp. v. Scottsdale Ins. Co., 316 F.3d 431, 438-40 (3d Cir. 2003) (explaining that appellate courts generally lack jurisdiction over issues that have been dismissed without prejudice).  Further, an order that dismisses a motion on procedural grounds does not "pass on the legal sufficiency of any claims for injunctive relief." Shirey v. Bensalem Township, 663 F.2d 472, 477 (3d Cir. 1981) (quoting Gardner v. Westinghouse Broad. Co., 437 U.S. 478, 481 (1978)); Hershey Foods Corp. v. Hershey Creamery Co., 945 F.2d 1272, 1279 (3d Cir. 1991) ("Orders that . . . do not grant or deny part of the substantive relief sought by the claimant are not immediately appealable under section 1292(a)(1).").  Here, the Court removed the motion from its docket pending the stay, made clear it did so without prejudice, and thus did not substantively deny the request for an injunction or dismiss the claims on which it is based.  See Hershey, 945 F.2d at 1279; Shirey, 663 F.2d at 477.  Because

there has been no ruling, explicitly or effectively, denying the injunction,[6] the appeal must be dismissed.[7]

---

[6] The two cases on which Plaintiffs rely to argue that the stay had the practical effect of denying an injunction are distinguishable. First, Rolo v. General Development Corp. involves a situation where the plaintiff would sustain an indisputable irreparable harm without immediate intervention. There, the district court stayed a class action pending resolution of bankruptcy and criminal proceedings involving the defendants. 949 F.2d at 698-99. The plaintiffs produced evidence that the companies were liquidating and distributing their assets and sought an injunction to stop this activity. Id. at 703. The district court stayed consideration of the motion. Id. at 699. On appeal, we observed that by deferring consideration of the injunction, the court effectively allowed the companies to dissipate the assets. As a result, any later, renewed motion could not achieve the relief plaintiffs sought (protecting the assets) because the assets would be gone. See id. at 703-04. For these reasons, we held that "the district court's refusal to consider the application for a preliminary injunction effectively denied them the ultimate relief that they seek." Id. at 703 n.5.

The stay here does not have the same effect. Plaintiffs can still achieve the "ultimate relief they seek" (enjoining the Attorney General's enforcement efforts) with a renewed motion. Rolo presented a now-or-never scenario: given the activities for which the relief was sought, delaying relief meant no relief would be available. Here, by contrast, the relief requested by Plaintiffs is available later. While Plaintiffs argue that the stay allows the Attorney General to violate their rights "in the meantime" and such rights "can never be untrampled," Appellants' Supp. Br. at 5, as we explain in Part II.B,

postponing a decision on Plaintiffs' injunction does not cause them any harm.

The second case on which Plaintiffs rely is similarly unhelpful. In Victaulic Co. v. Tieman, a company filed contract and tort claims against a former employee and his new employer for allegedly violating a non-compete agreement. 499 F.3d 227, 231 (3d Cir. 2007). The company moved for a preliminary injunction while the employee and new employer moved to dismiss. Id. The district court dismissed the claims relating to the agreement but left one non-contract claim pending. Id. The company appealed the dismissal, arguing that dismissal effectively denied the company's request for a preliminary injunction. Id. We explained that "the District Court has effectively denied the relief that is at the heart of [the company's] claims," Id. at 234, because its dismissal of claims on the merits on which the injunction was sought left no ground for any injunctive relief. See Cohen, 867 F.2d at 1464.

Unlike Victaulic where the district court dismissed claims, with prejudice and on the merits, the District Court here only postponed consideration of a motion and has not opined on the merits of any of Plaintiffs' claims. As a result, its stay does nothing "to limit the [availability] of injunctive relief . . . under the facts pled." Victaulic, 499 F.3d at 234. Thus, the precedent on which Plaintiffs rely to support departure from the rule that stays are not practical denials of an injunction is distinguishable.

[7] Our precedent forecloses the argument that a stay here puts the Plaintiffs that are not plaintiffs in the Texas action "out of court entirely." Appellant's Supp. Br. at 8-9; see Cotler, 526

B

Although the failure to satisfy the first <u>Carson</u> prong requires dismissal, <u>Victaulic</u>, 499 F.3d at 232, Plaintiffs cannot satisfy the other two prongs either.  On the second, the stay does not impose "serious, perhaps irreparable consequence[s]."  <u>Carson</u>, 450 U.S. at 84.  Orders like those here based on a district court's "discretionary power over the scope of the action" and that "relat[e] primarily to convenience in litigation" do not carry a serious risk of irreparable harm because they do not affect the merits of an appellant's claims. <u>Gardner</u>, 437 U.S. at 480-81 & n.7 (citation omitted). Nonetheless, Plaintiffs assert that absent quick action on their motion for a preliminary injunction, their First Amendment rights are violated by the Attorney General's "censorship." Appellants' Supp. Br. at 4.  This assertion does not change the result.

First, we consider how urgently a party has pursued their claims, <u>Victaulic</u>, 499 F.3d at 232, and the appellant's "conduct and litigating positions," <u>Huminski v. Rutland City</u>

---

F.2d at 540-41 (applying the usual rule that stays are not a practical denial of an injunction—even though the parties, allegations, and causes of action in the related proceeding were "not identical").  Moreover, since the CodeIsFreeSpeech.com plaintiffs seek to "receiv[e] and republish[] Defense Distributed's files," App. 49, in the Texas action, any injunctive relief the Texas court grants to Defense Distributed may provide the CodeIsFreeSpeech.com plaintiffs the relief they seek in the District Court here.  Accordingly, while they are not present in the Texas action, their claims effectively are being pursued, so a stay here does not put them out of court.

Police Dep't, 221 F.3d 357, 360 (2d Cir. 2000) (per curiam) (quoting Cuomo v. Barr, 7 F.3d 17, 19 (2d Cir. 1993)); accord United States v. Wade, 713 F.2d 49, 53 (3d Cir. 1983). The Attorney General made clear that he would defend against Plaintiffs' claims in New Jersey—but not in two forums. If the Attorney General's actions harmed Plaintiffs and they needed immediate relief, they could have withdrawn their action in Texas and pursued the New Jersey action. They did not. Further, they chose to prolong litigation in Texas over personal jurisdiction, but even if they succeed in their appeal, it will not result in an injunction.[8] Plaintiffs had a path to get the District Court here to decide the merits of their injunction request but did not take it. See Huminski, 221 F.2d at 361 (concluding that the appellant had not shown serious consequences because he failed to use multiple available procedural mechanisms to speed along resolution of his case). Plaintiffs' litigation strategy thus represents "a strong indication that the status quo can continue" and belies an assertion of irreparable harm. Wade, 713 F.2d at 53.

Second, even if we entertained the appeal, directed the District Court to consider the injunction motion, and the Court enjoined the Attorney General from "censoring" Plaintiffs, the federal government and several state attorneys general are still preventing the dissemination of the files. The temporary modification of federal regulations permitting Defense

---

[8] Defense Distributed and SAF did not move for an injunction pending appeal in the Court of Appeals for the Fifth Circuit, nor did they seek expedited review. A failure to move for a preliminary injunction or expedite an appeal indicates that the underlying harm complained of is not serious. Huminski, 221 F.3d at 361.

Distributed to disseminate their files is currently vacated, Washington v. U.S. Dep't of State (Washington I), 420 F. Supp. 3d 1130, 1148 (W.D. Wash. 2019), appeal dismissed, No. 20-35064 (9th Cir. July 21, 2020), and the federal government is enjoined from enforcing the final rule, Washington v. U.S. Dep't of State (Washington II), --- F. Supp. 3d ----, 2:20-cv-00111-RAJ, 2020 WL 1083720, at *11 (W.D. Wash. Mar. 6, 2020). That means that under federal law, Defense Distributed cannot disseminate its files. Washington II, 2020 WL 1083720, at *11 (providing that the injunction maintains the "status quo" on restrictions on 3D gun files).[9] Additionally, in the Texas action, Defense Distributed and SAF allege that actions from multiple state attorneys general—not just New Jersey's—"censor Defense Distributed." Def. Distrib. II, 354 F. Supp. 3d at 686 (quoting amended complaint). Thus, a stay that delays consideration of a request for injunctive relief is of no consequence because, even if the District Court considered and granted such an injunction, that injunction would not alleviate the alleged censorship.

At bottom, we only allow appeals via § 1292(a)(1) when the injury "outweighs Congress' stated policy against piecemeal review." Ross, 916 F.2d at 902. Because Plaintiffs' conduct belies any assertion of injury, they cannot show why we should bring the stay here into the narrow class of orders appealable under § 1292(a)(1). See N.J. State Nurses Ass'n v. Treacy, 834 F.2d 67, 70-71 (3d Cir. 1987) ("[W]e must approach this statute somewhat gingerly lest a floodgate be opened that brings into the exception many pretrial orders."

---

[9] Indeed, Plaintiffs' complaint made plain that Defense Distributed stopped disseminating its files due to injunctive orders from the Washington I court.

(quoting United States v. RMI, 661 F.2d 279, 281 (3d Cir. 1981))).

## C

Finally, assuming the first two Carson prongs were met, Plaintiffs must still demonstrate that an "immediate appeal [is] the only means of effective[ly] challeng[ing]" the orders. Victaulic, 499 F.3d at 232. "The 'effective challenge' prong deals with whether the appellant can get substantially similar relief without an immediate appeal." Id. Put differently, we ask whether an immediate appeal is necessary for the appellant to obtain effective review of the order and have its appellate rights vindicated. See Carson, 450 U.S. at 88 n.14 (prong satisfied where review of the order would be compromised if review delayed until final judgment); Victaulic, 499 F.3d at 233 (prong satisfied because the district court's dismissal of claims "left [the appellant] with no means of receiving preliminary relief" as the court resolved all the issues relating to such relief); Metex Corp. v. ACS Indus., Inc., 748 F.2d 150, 154 (3d Cir. 1984) (prong not satisfied because "dismissal of this appeal would not preclude an effective appeal if one is considered necessary at a later date: the issues regarding appellant's . . . claim will not be obscured, and perhaps will be better illuminated, by the passage of time"); RMI, 661 F.2d at 282 (same).

Here, even if we held that the District Court's order constituted the denial of an injunction, an immediate appeal is not necessary to challenge the Court's ruling. An appeal is not the "only means of effective[ly] challeng[ing]" the orders, Victaulic, 499 F.3d at 232, because Plaintiffs could receive a ruling on their preliminary injunction motion if they

17

discontinue the Texas action. <u>Compare</u> <u>Rolo</u>, 949 F.2d at 698-99 (action stayed pending resolution of related bankruptcy and criminal proceedings). As a result, the stay is not indefinite because by discontinuing the Texas action, Plaintiffs "can get substantially similar relief," <u>Victaulic</u>, 499 F.3d at 232, to what they seek here, namely directing the District Court to rule on the preliminary injunction motion, as the Court has made clear that it would consider the motion under that circumstance. Thus, they can obtain the relief that they seek "without an immediate appeal." <u>Id</u>. Furthermore, an immediate appeal is not the only means of obtaining the relief Plaintiffs seek (enjoining the Attorney General's enforcement efforts) because Defense Distributed and SAF are pursuing that same relief in Texas. The effective-challenge prong serves an important purpose in ensuring that only appeals that are necessary are allowed. <u>See</u> <u>Gardner</u>, 437 U.S. at 480. Because appellate review here and now is not the only remedy available to Plaintiffs, they cannot satisfy this prong.

III

For the foregoing reasons, we will dismiss the appeal.

PHIPPS, *Circuit Judge*, dissenting.

In dismissing these appeals for lack of jurisdiction, the Majority Opinion misapplies well-established standards for appellate jurisdiction under 28 U.S.C. § 1292(a)(1). This consolidated case involves appeals of two orders – one that had the practical effect of refusing a motion for a preliminary injunction, the other that expressly dismissed that motion. Precedent permits appellate review of orders with the practical effect of denying a motion for a preliminary injunction. And the text of § 1292(a)(1) allows interlocutory appeals of orders refusing such motions. Yet the Majority Opinion rejects appellate jurisdiction over appeals from both orders. By so doing, District Court's underlying basis for those orders – its application of the first-filed rule – will never be subject to meaningful appellate review. I see it differently, and I respectfully dissent.

## I.

Under § 1292(a)(1), appellate jurisdiction extends to interlocutory orders that grant or deny injunctive relief:

> The courts of appeals shall have jurisdiction of appeals from interlocutory orders of the district courts of the United States . . . granting . . . [or] refusing . . . injunctions.

28 U.S.C. § 1292(a)(1) (alterations omitted).

Beyond orders that expressly grant or refuse injunctive relief are those orders that have the practical effect of refusing an injunction. *See* 16 Charles Alan Wright & Arthur R. Miller,

Fed. Prac. & Proc. § 3924.1 (3d ed. Apr. 2020 update) ("Refusal of an explicit request for a preliminary injunction need not be express[;] [a] variety of actions or even inaction may have the same effect as an express refusal, supporting appeal.").  Under the test announced in *Carson v. American Brands, Inc.*, 450 U.S. 79 (1981), orders with the practical effect of denying preliminary injunctive relief may be appealed under § 1292(a)(1) when three conditions are met:

1.   The order has the practical effect of refusing an injunction;

2.   The denial of immediate appellate review exposes a party to the risk of serious or irreparable harm; and

3.   The denial of immediate appellate review causes a party to lose its opportunity to effectually challenge the interlocutory order.

*See id.* at 83-84; *see also Rolo v. Gen. Dev. Corp.*, 949 F.2d 695, 702-03 (3d Cir. 1991); 11A Wright & Miller § 2962 (3d ed. Apr. 2020 updated) ("[A] district court may not avoid immediate review of its determination simply by failing to characterize or label its decision as one *denying* . . . injunctive relief." (emphasis added)).

I believe that both bases for interlocutory appeal – practical effect and express refusal – are available here.  The District Court's first order, which stayed the case pending resolution of a suit in Texas (brought by only two of the seven appellants here), had the practical effect of refusing the

appellants' motion for a preliminary injunction.   And the second order, which dismissed appellants' motion for preliminary injunction without prejudice, had the actual effect of refusing their request for emergency relief.

## II.

Unlike the Majority, I believe that the first order appealed – the March 7 stay order (Stay Order) – satisfies the *Carson* requirements.

## A

Under the first *Carson* element, the Stay Order had the "practical effect of refusing an injunction." *Carson*, 450 U.S. at 84; *see also Rolo*, 949 F.2d at 702.  As explained by the Supreme Court, "[t]h[e] 'practical effect' rule serves a valuable purpose[:]  If an interlocutory injunction is improperly granted or denied, much harm can occur before the final decision in the district court." *Abbott v. Perez*, 138 S. Ct. 2305, 2319 (2018). And before today, Circuit precedent recognized that a stay for an indeterminate period with a motion for injunctive relief pending sufficed as a basis for appellate jurisdiction because that stay "effectively denied [the movants] the ultimate relief that they seek." *Rolo*, 949 F.2d at 703 & n.5; *see also Vitaulic Co. v. Tieman*, 499 F.3d 227, 232 (3d Cir. 2007) ("[T]his is an appeal from the (implicit) denial of the preliminary injunction, which, we have held, is the primary purpose of § 1292(a)(1)."). That is precisely the situation here.  The District Court stayed

a case with a pending motion for a preliminary injunction. That has the practical effect of denying that motion.

In avoiding that outcome, the Majority Opinion overextends *dictum* from *Cohen v. Bd. of Trs.*, 867 F.2d 1455 (3d Cir. 1989) (*en banc*). *See* Maj. Op. at 9-12. That decision announced that "an order staying or refusing to stay *an action for equitable relief* does not fall under § 1292(a)(1), even though it postpones or accelerates resolution of an action seeking injunctive relief." *Cohen*, 867 F.2d at 1464 (emphasis added). But "an action for equitable relief" is not equivalent to 'a motion for a preliminary injunction,' as is present here. Indeed, this Court later clarified that staying such motions has the practical effect of denying preliminary injunctive relief under § 1292(a)(1): a "district court's refusal to entertain [a] motion [for injunctive relief by imposing an indeterminate stay] had precisely the same effect on the [movants] as would an order expressly denying that motion." *Rolo*, 949 F.2d at 703 n.5.

Nor does the Stay Order relate "*only* to the conduct or progress of litigation before that court." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 279 (1988) (emphasis added). It is not, for example, an order setting a briefing or a discovery schedule. *See, e.g.*, Fed. R. Civ. P. 16(b) (scheduling orders); *id.* 37 (discovery orders). Rather, it is an indefinite stay that postpones the resolution of a pending motion for a preliminary injunction.

### B

The second *Carson* requirement is also satisfied here because the Stay Order imposes a "serious, perhaps

irreparable, consequence." *Carson*, 450 U.S. at 84.  The seven appellants moved for a preliminary injunction, in part, to enjoin the deprivation of their First Amendment right to free speech. App. 94-143.  And a deprivation of a First Amendment right creates a presumption of irreparable injury.  *See Neb. Press Ass'n v. Stuart*, 423 U.S. 1327, 1329 (1975) ("[A]ny First Amendment infringement that occurs with each passing day is irreparable.").[1]  I do not believe that presumption has been rebutted.

The Majority Opinion finds no irreparable injury here, however.  It relies on the fact that appellants "could have withdrawn their action in Texas and pursued the New Jersey action."  Maj. Op. at 15.  But that explanation is at best incomplete as only two of the seven appellants sued in Texas. And even for those two common parties, the Majority Opinion places undue weight on the absence of a motion for a preliminary injunction in Texas – after all, that court determined that it lacked personal jurisdiction over the Attorney General of New Jersey.  *See* Maj. Op. at 15 ("Plaintiffs' litigation strategy . . . belies an assertion of irreparable harm.").  It is quite something to conclude that a party's First Amendment injury is not serious because that party – although moving for a preliminary injunction – did not

---

[1] *See also Elrod v. Burns*, 427 U.S. 347, 373 (1976) (Brennan, J.,  plurality) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."); 11A  Wright &  Miller § 2948.1 (3d ed. Apr. 2020 update) ("When an alleged deprivation of a constitutional right is involved, such as the right to free speech or freedom of religion, most courts hold that no further showing of irreparable injury is necessary.").

move for a preliminary injunction in a separate case that was dismissed on personal jurisdiction grounds.  *See Victaulic*, 499 F.3d at 232 ("[W]hether the appellant[s] moved for a preliminary injunction is evidence of the case's urgency.").

The Majority Opinion also dismisses the possibility of irreparable injury by reference to a nationwide injunction issued by a District Judge in the Western District of Washington.  *See* Maj. Op. at 15-16 (citing *Washington v. U.S. Dep't of State*, -- F. Supp. 3d --, 2020 WL 1083720, at *11 (W.D. Wash. Mar. 6, 2020)).  That injunction – issued by a court with territorial jurisdiction over six counties[2] – enjoins a final rule that would provide authorization under a statute, 22 U.S.C. § 2778(h), for some of the speech that the seven appellants seek to engage in.  But here appellants seek to vindicate constitutional rights.  Thus, even supposing both statutory and regulatory prohibitions on appellants' proposed speech, those alone do not extinguish appellants' First Amendment rights.

For these reasons, I believe that the presumption of serious, perhaps irreparable injury remains unrebutted here.

---

[2] The Seattle Division of the United States Court for Western District of Washington has jurisdiction over the following six counties:  Island, King, San Juan, Skagit, Snohomish, and Whatcom.  *See* United States District Court Western District of Washington, *About the Court*, https://www.wawd.uscourts.gov/about (last visited Aug. 10, 2020).

C

The third *Carson* element is likewise satisfied because the Stay Order can be "effectually challenged" only by immediate appeal. *Carson*, 450 U.S. at 84. This third consideration focuses on "whether the appellant[s] can get substantially similar relief without an immediate appeal." *Victaulic*, 499 F.3d at 232. But no such possibility exists for the Stay Order.

It is not an answer that by the terms of the Stay Order appellants can choose for themselves to proceed in New Jersey by dropping the Texas litigation. *See* Maj. Op. at 17-18 ("An appeal is not the only means of effectively challenging the orders, because Plaintiffs could receive a ruling on their preliminary injunction motion if they discontinue the Texas action." (internal quotation marks, alterations, and citation omitted)). Five appellants are not parties to the Texas case, and they have no such choice. But even if the remaining two appellants dismissed the Texas suit, that would not allow for a challenge to the Stay Order – by its own terms, the order would have expired then. In the meantime, the damage from the delay would have already been done without a meaningful opportunity for appellate review. *See Goldberg v. 401 N. Wabash Venture LLC*, 755 F.3d 456, 464 (7th Cir. 2014) ("The past cannot be recreated. Time runs in only one direction – and it's forward, not backward."). Thus, regardless of the choice available to two of the seven appellants, under today's ruling, the possibility of meaningful appellate review of the Stay Order is not merely postponed; it is eliminated.

It is true, as the Majority observes, that the Stay Order does not necessarily preclude forever the injunctive relief that

7

appellants seek.  But in my view such cold consolation –
especially for the five appellants who are not parties to the
Texas litigation and whose remedy, in the words of the District
Court, is "to be patient," App. 1006 – does not suffice to satisfy
the third *Carson* element.  Instead of hinging on the continued
availability of ultimate relief, that third consideration depends
on the ability to meaningfully challenge the order that currently
denies preliminary injunctive relief.  *See Carson*, 450 U.S. at
86 ("In the instant case, unless the District Court order denying
the motion to enter the consent decree is immediately
appealable, petitioners will lose their opportunity to
'effectually challenge' an interlocutory order that denies them
injunctive relief."); *see also Neb. Press*, 423 U.S. at 1329
("[E]ach passing day may constitute a separate and cognizable
infringement of the First Amendment.").  Appellants here lack
such an ability absent interlocutory appeal.

## III.

The appeal of the District Court's second order
(Dismissal Order) provides a separate and independent basis
for appellate review under § 1292(a)(1).  That order from
August 29, 2019, "dismissed without prejudice" appellant's
preliminary injunction motion and administratively closed the
case.  By doing so, the Dismissal Order unequivocally refused
to grant appellants' request for interim injunctive relief.  Due
to that actual and express refusal to grant the preliminary
injunction, there is no need to conduct the *Carson* 'practical
effect' inquiry – the Dismissal Order constitutes an express

refusal to grant an injunction, and it therefore qualifies for appellate review under the plain text of § 1292(a)(1).

The Majority Opinion attempts to minimize that reality by noting that the dismissal was 'without prejudice.' *See* Maj. Op. at 10-12. But for a denial of a preliminary injunction, such a qualifier is immaterial for purposes of appellate review under § 1292(a)(1). Whether the dismissal of the motion is with or without prejudice, appellants have most certainly not received the preliminary injunctive relief they requested. *See Hoots v. Pennsylvania*, 639 F.2d 972, 979 (3d Cir. 1981) ("Although the trial court denied the motion for an injunction '*without prejudice*,' the effect of the denial was to preclude any possibility of granting the relief sought by appellants." (emphasis added)).[3]

The Majority Opinion also looks beyond the text of the Dismissal Order to discredit the dismissal. *See* Maj. Op. at 10 ("The District Court's order 'dismissing' the motion for a preliminary injunction also does not qualify as a denial of an injunction[,] [because] [w]hile the Court used the word 'dismiss,' a fair reading of the order and the record indicates that the Court was simply removing from its docket a motion that would not be acted upon soon." (alteration and citation

---

[3] *See also Gen. Elec. Co. v. Marvel Rare Metals Co.*, 287 U.S. 430, 432 (1932) (order dismissing counterclaim seeking permanent and preliminary injunctive relief was considered an appealable interlocutory order); *Valenti v. Mitchell*, 962 F.2d 288, 295 (3d Cir. 1992) ("When a claim seeking injunctive relief is dismissed on jurisdictional grounds, it has the effect of denying the ultimate equitable relief sought by the claimant, and the order is appealable under § 1292(a)(1).").

omitted)).  But there is no reason to look beyond the text of an unambiguous court order.  Put differently, when the plain language of a court order expressly denies injunctive relief, the text controls, and *Carson* imposes no additional requirements.  *See Commodity Futures Trading Comm'n v. Walsh*, 618 F.3d 218, 224 (2d Cir. 2010) ("*Carson* does not impose additional .  .  . requirement[s] for appellate jurisdiction over orders that explicitly . . . refuse . . . injunctions and thereby meet the plain terms of the statute.").

\* \* \*

For these reasons, I disagree with the Majority Opinion's assessment that "there has been no ruling, explicitly or effectively, denying the injunction."  Maj. Op. at 12.  Both orders did so.  Accordingly, I would find that we have appellate jurisdiction to evaluate both orders under § 1292(a)(1).

10