# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY
# TRENTON VICINAGE

| | |
|---|---|
| DEFENSE DISTRIBUTED, SECOND AMENDMENT FOUNDATION, INC., FIREARMS POLICY COALITION, INC., FIREARMS POLICY FOUNDATION, CALGUNS FOUNDATION, CALIFORNIA ASSOCIATION OF FEDERAL FIREARMS LICENSEES, and BRANDON COMBS,<br><br> Plaintiffs,<br><br>v.<br><br>GURBIR GREWAL, Attorney General of the State of New Jersey,<br><br> Defendant. | HON. ANNE E. THOMPSON<br><br>Civil Action No.<br>3:19-cv-4753 |
| DEFENSE DISTRIBUTED and SECOND AMENDMENT FOUNDATION, INC,<br><br> Plaintiffs,<br><br>v.<br><br>GURBIR GREWAL, Attorney General of the State of New Jersey,<br><br> Defendant. | HON. MICHAEL A. SHIPP<br><br>Civil Action No.<br>3:21-cv-9867 |

---

BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR CONSOLIDATION

---

                    GURBIR S. GREWAL
                    ATTORNEY GENERAL OF NEW JERSEY
                    R.J. Hughes Justice Complex
                    P.O. Box 116
                    Trenton, New Jersey 08625
                    Attorney for Defendant Gurbir S. Grewal

By:  Tim Sheehan (NJ Bar # 179892016)
      Deputy Attorney General
      (609) 815-2604
      tim.sheehan@law.njoag.gov

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................. ii

PRELIMINARY STATEMENT .......................................................................... 1

STATEMENT OF FACTS AND PROCEDURAL HISTORY ............................. 2

ARGUMENT ........................................................................................................ 5

    THESE CASES SHOULD BE CONSOLIDATED BECAUSE THEY
    INVOLVE MULTIPLE COMMON QUESTIONS OF LAW AND FACT,
    AS THEY ARE BROUGHT BY THE SAME PLAINTIFFS AND SEEK
    IDENTICAL RELIEF AGAINST N.J. STAT. ANN. § 2C:39-9(*l*)(2) .......... 5

CONCLUSION ..................................................................................................... 8

# **TABLE OF AUTHORITIES**

**Cases**

*A.S. v. SmithKline Beecham Corp.*, 769 F.3d 204 (3d Cir. 2014)..............................5

*Defense Distributed v. Att'y Gen. of N.J.*, 972 F.3d 193
   (3d Cir. 2020)................................................................................... 4, 5, 7

*Defense Distributed v. U.S. Dep't of State*, 838 F.3d 451 (5th Cir. 2016) .................2

*In re Consolidated Parlodel Sec. Litig.*, 182 F.R.D. 441 (D.N.J. 1998).....................6

*Liberty Lincoln Mercury, Inc. v. Ford Marketing Corp.*, 149 F.R.D. 65
   (D.N.J. 1993) ........................................................................................6

*Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984)............................7

*Soto v. Hensler*, 235 F. Supp. 3d 607 (D. Del. 2017) ................................................6

**Statutes**

N.J. Stat. Ann. § 2C:39-9(*l*)(2).......................................................... *passim*

**Rules**

Fed. R. Civ. P. 42 ......................................................................................5

L. Civ. R. 42.1 ..........................................................................................5

## **PRELIMINARY STATEMENT**

Defendant Gurbir S. Grewal, Attorney General of New Jersey, seeks an order consolidating these actions which are brought by the same plaintiffs, assert the same causes of action, and seek the same relief against the same state statute. In *Defense Distributed and Second Amendment Foundation, Inc. v. Gurbir S. Grewal*, No. 21-cv-9867 ("*Defense Distributed I*"), Plaintiffs seek declaratory and injunctive relief against a cease-and-desist letter the New Jersey Attorney General ("NJAG") issued to Defense Distributed and against enforcement of N.J. Stat. Ann. § 2C:39-9(*l*)(2) ("Section 3(*l*)(2)"), which makes it a crime to disseminate printable gun files to anyone in New Jersey who is not a licensed firearms manufacturer. In *Defense Distributed et al. v. Gurbir S. Grewal*, No. 3:19-cv-4753 ("*Defense Distributed II*"), the same lead plaintiffs also seek relief against Section 3(*l*)(2) and the same cease-and-desist letter, assert the same causes of action, and seek relief with respect to the same set of printable gun files as in *Defense Distributed I*.

In short, these two actions are functionally the same lawsuit. As such, not only do myriad common questions of law and fact exist, but litigating the cases separately would waste this Court's resources and risk conflicting judgments on the validity of an important state statute. The NJAG therefore seeks an order immediately consolidating *Defense Distributed I* into the instant action, which bears the earlier docket number, for all pretrial and trial purposes.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY[1]

Both cases stem from plaintiff Defense Distributed's efforts to disseminate downloadable computer files that allow any recipient with access to 3D printers – including terrorists, felons, and domestic abusers – to produce untraceable and undetectable firearms. *See Defense Distributed v. U.S. Dep't of State*, 838 F.3d 451, 455 (5th Cir. 2016). Defense Distributed's files "allow people to easily produce their own weapons and weapon parts using relatively affordable and readily available equipment." *Id.* at 454. These printable gun files, in conjunction with other equipment sold by Defense Distributed, enable users "to produce fully functional, unserialized, and untraceable metal AR-15 lower receivers in a largely automated fashion." *Id.* at 455. In July 2018, Defense Distributed posted its printable gun files on its publicly accessible website for any user to download. *See Defense Distributed I* Compl. ¶¶ 55-56, Ex. A. A subset of these same files were later reposted on CodeIsFreeSpeech.com, a website maintained by some of the plaintiffs in *Defense Distributed II*. *See Defense Distributed II* Compl. ¶¶ 6, 13-17, Ex. B.

The NJAG took steps to halt distribution of these printable gun files to New Jersey residents in July 2018, when he issued a cease-and-desist letter to Defense Distributed warning that its dissemination of the files violates New Jersey public

---

[1] Because they are closely related, the Procedural History and Statement of Facts are combined for the Court's convenience.

2

nuisance and negligence laws. *Id.* ¶¶ 49-50, Ex. B. Several months later, in November 2018, the New Jersey Legislature enacted Section 3(*l*)(2), which makes it a crime to distribute the computer code used to produce 3D printable firearms to anyone in New Jersey who is not a licensed firearms manufacturer.

In *Defense Distributed I* and *Defense Distributed II*, Plaintiffs Defense Distributed and Second Amendment Foundation ("SAF") seek the same declaratory and injunctive relief against the July 2018 cease-and-desist letter and enforcement of Section 3(*l*)(2).

*Defense Distributed I* was initially filed in the Western District of Texas in July 2018. *See generally Defense Distributed I* Compl., Ex. A. On April 19, 2021, that court granted the NJAG's motion to sever and transfer the claims against him to the District of New Jersey. *See* Order Granting Motion to Sever and Transfer, Ex. C. The now-severed action against the NJAG was transferred into this district on April 20, 2021 under Civil Action No. 3:21-cv-9867. The operative complaint alleges that the cease-and-desist letter and Section 3(*l*)(2) violate Plaintiffs' rights under the First Amendment, Second Amendment, Equal Protection Clause, Due Process Clause, and Dormant Commerce Clause of the U.S. Constitution, and that Section 3(*l*)(2) is preempted by various federal statutes. *See generally Defense Distributed I* Compl., Ex. A. The complaint additionally asserts state-law claims of tortious interference with contracts related to the NJAG's enforcement activity. *Id.*

3

*Defense Distributed II* was commenced in this district in February 2019 by Defense Distributed, SAF, and five additional plaintiffs. The Amended Complaint, filed on February 20, 2019, alleges that the cease-and-desist letter and Section 3(*l*)(2) violate the plaintiffs' rights under the First Amendment, Second Amendment, Equal Protection Clause, Due Process Clause, and Dormant Commerce Clause of the U.S. Constitution, and that Section 3(*l*)(2) is preempted by the same federal statutes. *See generally Defense Distributed II* Compl., Ex. B. The complaint expressly seeks relief with respect to the same set of printable gun files that are at issue in *Defense Distributed I*. *Compare id.* ¶¶ 91-99, 111-19 (noting that all plaintiffs seek to receive and republish "Defense Distributed's files"), *with Defense Distributed I* Compl. ¶¶ 55-56, Ex. A. *See also Defense Distributed v. Att'y Gen. of N.J.*, 972 F.3d 193, 200 n.7 (3d Cir. 2020) (explaining that the same files are at issue in both actions).

In other words, *Defense Distributed I* and *Defense Distributed II*:

- Were brought by the same lead plaintiffs, Defense Distributed and SAF, and all plaintiffs are represented by the same attorneys;

- Were brought against the same defendant, the NJAG;

- Seek declaratory and injunctive relief against the same cease-and-desist letter and the same state statute;

- Assert identical causes of action against the NJAG, the only exception being the additional two state-law tortious interference claims in *Defense Distributed I*; and

- Seek this identical relief with respect to the same set of computer files.

4

As a result of the transfer of *Distributed I*, both actions are now pending in this district, albeit before two different district judges. The NJAG now seeks an order consolidating these actions.[2]

## ARGUMENT

**THESE CASES SHOULD BE CONSOLIDATED BECAUSE THEY INVOLVE MULTIPLE COMMON QUESTIONS OF LAW AND FACT, AS THEY ARE BROUGHT BY THE SAME PLAINTIFFS AND SEEK IDENTICAL RELIEF AGAINST N.J. STAT. ANN. § 2C:39-9(*l*)(2).**

These cases should be consolidated under Federal Rule of Civil Procedure 42(a), which permits consolidation of actions that "involve a common question or law or fact." *See also* L. Civ. R. 42.1 (requiring such a motion to be filed "in the case bearing the earliest docket number"). Rule 42(a) gives courts "broad power to consolidate cases that share common question[s] of law or fact." *A.S. v. SmithKline Beecham Corp.*, 769 F.3d 204, 212 (3d Cir. 2014) (alteration in original) (internal quotation marks omitted). "Consolidation is appropriate to avoid unnecessary costs

---

[2] These nearly identical lawsuits have wound up in this district as a result of plaintiffs Defense Distributed's and SAF's efforts to simultaneously appeal the personal jurisdiction dismissal of *Defense Distributed I* and pursue the same claims in this district (in *Defense Distributed II*). When that strategy became clear, this Court on March 7, 2019 stayed the instant action pending resolution of *Defense Distributed I*. The Fifth Circuit later reversed the dismissal of *Defense Distributed I*, finding personal jurisdiction existed as to the NJAG. On remand, the Texas district court granted the NJAG's motion to sever and transfer. *See Defense Distributed v. Att'y Gen. of N.J.*, 972 F.3d at 196-97 (describing this procedural history).

and/or delay, and to promote judicial economy." *Liberty Lincoln Mercury, Inc. v. Ford Marketing Corp.*, 149 F.R.D. 65, 80-81 (D.N.J. 1993) (internal citations omitted). It is also appropriate to mitigate "the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses, lawsuits, the length of time required to conclude multiple lawsuits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives." *In re Consolidated Parlodel Sec. Litig.*, 182 F.R.D. 441, 444 (D.N.J. 1998).

Here, consolidation is warranted because there can be no serious dispute that these two actions are functionally the same lawsuit. The NJAG is the defendant in both cases, and the lead plaintiffs (Defense Distributed and SAF) and plaintiffs' attorneys are the same in each case. *See Soto v. Hensler*, 235 F. Supp. 3d 607, 613 (D. Del. 2017) (consolidating securities class actions where both complaints involved the same proposed class and same defendants, "allege violations of the same statutes and rules, and…contain nearly identical factual allegations"). Both actions seek declaratory and injunctive relief against Section 3(*l*)(2) and the July 2018 cease-and-desist letter, and assert nearly identical causes of action. *Compare Defense Distributed I* Compl. ¶¶ 257-328, Ex. A, *with Defense Distributed II* Compl. ¶¶ 121-181, Ex. B.

The Third Circuit already rejected the argument that the additional five plaintiffs in *Defense Distributed II* provides any basis to distinguish these actions.

6

The panel highlighted that all plaintiffs seek relief with respect to the same set of printable gun files, i.e., the files disseminated by Defense Distributed and reposted on CodeIsFreeSpeech.com. *See Defense Distributed v. Att'y Gen. of N.J.*, 972 F.3d at 200 n.7 (finding that, since the *Defense Distributed II* plaintiffs "seek to 'receiv[e] and republish[]'" the same files as at issue in *Defense Distributed I*, "their claims effectively are being pursued" by that parallel case). In fact, the Third Circuit's dismissal of Plaintiffs' prior appeal of the stay of the instant action was premised on its finding that "Defense Distributed and SAF are pursuing th[e] same relief" in the two actions. *Id.* at 202. Thus, the presence of these extra plaintiffs does not change the fact that the factual and legal issues in both cases are identical.[3]

As a result, adjudicating these cases separately would be a waste of judicial resources and needlessly create a risk of inconsistent judgments. The NJAG intends to file dispositive motions in both cases, and the legal arguments in both motions would be virtually identical (the only exception being the additional sovereign immunity defense to the state-law claims in *Defense Distributed I*). Since the two actions are assigned to different judges, denying consolidation would mean two judges rendering separate decisions on the same motion, creating the risk that one

---

[3] Likewise, although *Defense Distributed I* also asserts claims of tortious interference with contracts against the NJAG, the Western District of Texas recognized that these state-law claims are presumptively barred by sovereign immunity. Ex. C at 7 (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984)).

7

judge might uphold the validity of Section 3(*l*)(2) while a different judge strikes down the statute as unconstitutional. This risk and the glaring judicial inefficiency that separate actions would entail overwhelmingly favor immediate consolidation.

## CONCLUSION

This motion for consolidation should be granted and *Defense Distributed I* should be consolidated into the instant action, which bears the earlier docket number.

                Respectfully submitted,

                GURBIR S. GREWAL
                ATTORNEY GENERAL OF NEW JERSEY

By:  /s/ Tim Sheehan
      Tim Sheehan (NJ Bar # 179892016)
      Deputy Attorney General

Dated: April 28, 2021

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2021, I electronically filed via CM/ECF the within Motion for Consolidation and supporting motion papers with the Clerk of the U.S. District Court for the District of New Jersey, and that a copy of same has been served on all counsel of record via CM/ECF.

/s/ Tim Sheehan
Tim Sheehan