

1221 McKinney Street, Suite 4500 | Houston, Texas 77010
Phone 713.951.3700 | Fax 713.951.3720
www.beckredden.com

CHAD FLORES
BOARD CERTIFIED ♦ CIVIL APPELLATE LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

DIRECT (713) 951-6268
cflores@beckredden.com

April 25, 2022

Hon. Freda L. Wolfson, U.S.D.J.
United States District Court, District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State St.
Trenton, NJ 08608

Re: *Defense Distributed, et al. v. Platkin*, No. 3:19-cv-4753 (D.N.J.) (Consolidated lead case)
   *Defense Distributed, et al. v. Platkin*, No. 3:21-cv-9867 (D.N.J.) (Consolidated member case)

Dear Chief Judge Wolfson,

The Court's April 22 order directed the parties to submit by May 6 "a position paper regarding the request for transfer of this consolidated matter back to Western District of Texas." The Acting New Jersey Attorney General then "request[ed] clarification" of the position paper's requisite subject, deadline, and length. This is Plaintiffs' response to the questions posed by the Defendant's letter.

The Court should use whatever process allows for the fastest to return to the Western District of Texas. The April 22 order already says – and if not should be clarified to say – that the parties are to submit just one filing that (1) addresses the transfer issue's substance, (2) arrives on or before the current deadline of May 6, and (3) meets the formal requirements of a Local Rule 7.2 brief. No more non-substantive discussion is needed. No deadline extension is warranted. Time is of the essence.

This Court's transfer process should be expedited because the Western District of Texas needs to conduct preliminary injunction proceedings immediately. Immediate injunction proceedings in Texas are needed because the New Jersey Attorney General's unconstitutional censorship regime is both actually causing irreparable harm now and threatening to cause more irreparable harm imminently. The Fifth Circuit's venue decision squarely held that case number 3:21-cv-9867 should be transferred back to Texas, and also explained that, "[u]pon return of this case to the Western District of Texas, the court should entertain a motion for preliminary injunction expeditiously." *Def. Distributed v. Bruck*, 30 F.4th 414, 2022 WL 984870, at *1 n.1 (5th Cir. Apr. 1, 2022). Expediting this Court's transfer procedure gives due respect to the Fifth Circuit's decision and prejudices no one.

The Court should reject the Acting New Jersey Attorney General's contrary efforts to delay the transfer decision's process. The Fifth Circuit just finished calling out his use of "tactics suggesting the abusive manipulation of federal court procedures in order to delay or altogether avoid meaningful merits consideration of Plaintiffs' claims." Op. at 12. Yet now, after over three years of undue evasion, he returns with more unnecessary slowdown efforts. No more stalling should be allowed.

April 25, 2022
Page 2 of 2

      If the Acting New Jersey Attorney General really wanted to halt the Fifth Circuit decision's immediate repercussions, he should have timely asked *the Fifth Circuit* for that kind of relief. But he failed to do so. Even though he sought rehearing, the Acting New Jersey Attorney General never asked the Fifth Circuit to recall its mandate and never asked the Fifth Circuit or Western District of Texas to stay anything (despite plenty of time to do both). Hence, earlier today, the Western District of Texas officially transmitted its return request to this Court. The Court should process that request expeditiously, grant it, and return the case to the Western District of Texas without further delay.

      Very truly yours,

      Chad Flores
      Counsel for Plaintiffs