UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Defense Distributed, *et al.* | No. 3:19-cv-4753 |
| *Plaintiffs*, | No. 3:21-cv-9867 |
| v. | |
| Matthew J. Platkin, Acting New Jersey Attorney General, | |
| *Defendant*. | |

**Plaintiffs' Brief in Support of Plaintiffs' Motion to
Reconsider the Order Denying Plaintiffs' Motion to Transfer**

BECK REDDEN LLP
Chad Flores
cflores@beckredden.com
1221 McKinney Street, Suite 4500
Houston, Texas 77010
(713) 951-3700

HARTMAN & WINNICKI, P.C.
Daniel L. Schmutter
dschmutter@hartmanwinnicki.com
74 Passaic Street
Ridgewood, New Jersey 07450
(201) 967-8040

Counsel for Plaintiffs

## ARGUMENT

Plaintiffs respectfully request that the Court reconsider the July 27 decision denying Plaintiffs' motion to transfer, ECF Nos. 58, 59. The decision's lynchpin reasoning was wrong when originally arrived at and is even more wrong now.

When the Court issued the July 27 decision, the Court had before it two consolidated cases. Case number 3:19-cv-4753 was originally filed in this Court. Its plaintiffs were Defense Distributed, the Second Amendment Foundation, Inc., *and* a group the Court refers to as the "Non-Texas Plaintiffs." *See* Doc. 58 at 2. Case number 3:21-cv-9867 was originally filed in the United States District Court for the Western District of Texas and later transferred here. Its plantiffs are just Defense Distributed and the Second Amendment Foundation, Inc. *See id.*

The July 27 decision relies on the premise that *both* cases will be prosecuted *simultaneously* in different courts no matter what. The premise of simultaneous litigation is the decision's lynchpin and is expressly stated on page 26:

> Plaintiffs' proposal that the Court transfer DD's and SAF's claims against the NJAG in the Texas action back to Texas, while staying the Non-Texas Plaintiffs' claims in the NJ action, would not prevent duplicative litigation. For the reasons stated supra, the Non-Texas Plaintiffs have expressed an intention to litigate their claims, which are distinct from those that DD and SAF assert, regardless of how DD and SAF proceed.

ECF No. 58 at 26. That premise was wrong when first announced and, due to key changes in procedural posture that took place today, is even more wrong now.

1

First, reconsideration is warranted because the premise of simultaneous litigation was demonstrably wrong when announced. The July 27 decision reasons that *both* cases will be prosecuted *simultaneously* in different courts no matter what. But to the contrary, all Plaintiffs clearly represented otherwise in their brief. The brief filed for *all* Plaintiffs—including the Non-Texas Plaintiffs—took the position that, if case number 3:21-cv-9867 were transferred back to the Western District of Texas and case number 3:19-cv-4753 left behind in this Court, the Court here could and should stay case number 3:19-cv-4753 until the case in Texas concludes. ECF No. 56 at 3-4, 7. Thus, the decision's premise of simultaneous litigation was wrong when rendered because Plaintiffs had established that they would not pursue it.

Second, reconsideration is warranted because the premise of simultaneous litigation is even more wrong now. The procedural posture changed in a critical way today: All Plaintiffs in case number 3:19-cv-4753 invoked Federal Rule of Civil Procedure 41(a)(1)(A)(i) to immediately dismiss the action in case number 3:19-cv-4753 without prejudice. The dismissal took effect immediately and without the need for court order. *See* Fed. R. Civ. P. 41(a)(1)(A)(i). Whereas before Plaintiffs had established in briefing that simultaneous litigation would not occur—a showing that should have been enough on its own—today's dismissal puts the issue beyond doubt by establishing as a matter of law that simultaneous litigation cannot occur.

To be clear, no Plaintiff concedes that this dismissal was necessary. All maintain that the July 27 decision is wrong on its own terms, even with the prior procedural posture, for the reasons prior briefs explained. *See* ECF Nos. 52, 54, 56.

Now that the premise of simultaneous litigation has been dismantled in every way possible, the July 27 decision cannot be sustained. Case number 3:21-cv-9867, with DD and SAF as the only Plaintiffs, is now the only case before this Court. All potential concerns about overlapping litigation are gone.[1] Also gone is the notion that different procedural postures diminish the deference owed to the Fifth Circuit's decision. For all present intents and purposes, the transfer inquiry posed to this Court matches the one posed to the Fifth Circuit. That court's decision should be followed both because it is right and because it is owed comity's deference regardless. *Id.*

Plaintiffs request expedited consideration of this motion because the case involves extraordinary constitutional concerns, irreparable injury that is occurring now, and further irreparable injury that is imminently threatened. The Fifth Circuit has rightly ruled that this case belongs in the United States District Court for the Western District of Texas and – critically – that, "[u]pon return of this case to the

---

[1] Gone too are any possible concerns regarding consolidation effects, which were nonexistent in the first place. *See* 9A Charles Alan Wright & Arthur R. Miller, et al., Federal Practice & Procedure § 2382 (3d ed. West 2022) ("actions do not lose their separate identity because of consolidation."); *Penn W. Assocs. v. Cohen*, 371 F.3d 118, 121 (3d Cir. 2004) (administrative closure has no real legal consequence).

3

Western District of Texas, the court should entertain a motion for preliminary injunction expeditiously." *Def. Distributed v. Bruck*, 30 F.4th 414, 421 n.2 (5th Cir. 2022). Expediting this motion fulfills that aspect of the Fifth Circuit's decision.

## CONCLUSION

The motion to reconsider should be expedited and granted. The Court should grant transfer the case docketed in this Court as cause number 3:21-cv-9867 to the Western District of Texas immediately.

Date: July 27, 2022

BECK REDDEN LLP
Chad Flores
cflores@beckredden.com
1221 McKinney Street, Suite 4500
Houston, Texas 77010
(713) 951-3700

Respectfully submitted,

HARTMAN & WINNICKI, P.C.
s/ Daniel L. Schmutter
Daniel L. Schmutter
dschmutter@hartmanwinnicki.com
74 Passaic Street
Ridgewood, New Jersey 07450
(201) 967-8040

Counsel for Plaintiffs