

| | **State of New Jersey** | |
|---|---|---|
| PHILIP D. MURPHY<br>*Governor* | OFFICE OF THE ATTORNEY GENERAL<br>DEPARTMENT OF LAW AND PUBLIC SAFETY<br>DIVISION OF LAW<br>PO Box 45029<br>Newark, NJ 07101 | MATTHEW J. PLATKIN<br>*Acting Attorney General* |
| SHEILA Y. OLIVER<br>*Lt. Governor* | | MICHAEL T.G. LONG<br>*Director* |

August 23, 2022

**Via CM/ECF**
Hon. Freda L. Wolfson, U.S.D.J.
United States District Court, District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State St.
Trenton, NJ 08608

      Re:   *Defense Distributed, et al. v. Matthew J. Platkin*,
              **Civil Action Nos. 19-cv-4753 & 21-cv-9867 (Consolidated)**

Dear Chief Judge Wolfson:

The State respectfully submits this letter brief in opposition to Plaintiffs' motion for reconsideration. Plaintiffs offer a single basis for reconsideration: their unilateral decision to dismiss Case No. 19-4753 without prejudice, mere hours after this Court's July 27, 2022 denial of their transfer motion, in an effort to undermine this Court's decision. But this reconsideration motion runs into two immediate and independently sufficient problems. For one, reconsideration is not a vehicle for the party that loses a motion to engage in post-ruling gamesmanship. For another, even beyond that fatal procedural defect, Plaintiffs' motion for reconsideration changes



124 Halsey Street • TELEPHONE: (973) 877-1280 • FAX: (973) 648-4887
*New Jersey Is An Equal Opportunity Employer • Printed on Recycled Paper and Recyclable*

nothing about this case. Even after Plaintiffs' voluntary dismissal of No. 19-4753, this Court's concern with duplicative litigation still applies, meaning that Plaintiffs' gambit utterly fails to resolve the problem. And the other reasons this Court gave for denying transfer likewise continue to justify this Court's decision to deny transfer. For any and all of these reasons, this Court should deny Plaintiffs' motion.

**I.      This Reconsideration Motion Should Be Denied Because Post-Decision Gamesmanship Is Not Permitted.**

The first problem is a procedural one: Plaintiffs' theory for reconsideration is not consistent with the role of such motions. Local Rule 7.1(i) allows motions for reconsideration, but the motion remains "an extremely limited procedural vehicle." *Resorts Int'l, Inc. v. Greate Bay Hotel & Casino, Inc.*, 830 F. Supp. 826, 831 (D.N.J. 1992); *In re Vonage Initial Pub. Offering (IPO) Sec. Litig.*, No. 07-cv-177 (FLW), 2009 WL 1586945, at *2 (D.N.J. June 3, 2009) ("[R]elief by way of a motion for reconsideration is an extraordinary remedy that is to be granted very sparingly." (internal citations omitted)). Reconsideration is warranted only when the decision to be reconsidered "overlooked a factual or legal issue that may alter the disposition of the matter." *Church & Dwight Co. v. Abbott Labs.*, 545 F. Supp. 2d 447, 450 (D.N.J. 2008). Moreover, a "motion for reconsideration cannot be used to relitigate old matters, raise argument, or present evidence that could have been raised prior to the entry of judgment." *Boretsky v. Governor of New Jersey*, 433 F. App'x 73, 78 (3d

Cir. 2011) (internal citations and alteration omitted); *see also NL Indus., Inc. v. Com. Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996).

Plaintiffs' theory for reconsideration does not fit the bill. As Plaintiffs admit, their only basis for this motion is their *post hoc* voluntary dismissal of No. 19-4753. That post-decision strategic choice does not entitle them to reconsideration because Plaintiffs could have raised that issue before this Court's July 27 decision but chose not to. Indeed, Plaintiffs have passed up countless opportunities to dismiss that case in the three-and-a-half years since it was filed. They chose not to dismiss it in March 2019 after Judge Thompson stayed No. 19-4753 pending resolution of the Texas action. They chose not to dismiss it when the Third Circuit dismissed their appeal of the stay—even though the Third Circuit specifically admonished them for prolonging a forum fight that was certain to delay merits litigation. *See Defense Distributed v. Att'y Gen. of N.J.*, 972 F.3d 193, 201 (3d Cir. 2020). And even in the Spring of 2022—after two years of motion practice and multiple appeals focused on the inefficiencies generated by Plaintiffs' two-front battle—Plaintiffs still took no action, despite the State arguing to this Court in its transfer briefing about this risk of duplicative litigation. *See* No. 19-4753, ECF 57 at 7.

That proves fatal to this motion. Because the basis of Plaintiffs' motion "could have been raised prior to the entry of judgment," *Boretsky*, 433 F. App'x at 78, it cannot be a valid basis for a reconsideration motion. After all, "such motions are not

an opportunity to argue what could have been, but was not, argued in the original set of moving and responsive papers." *Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001). And of course, this Court did not "overlook" and could not have overlooked a shift in position that occurred *after* the Court ruled. *Cf. Consol. Gold Fields, PLC v. Anglo Am. Corp. of South Africa Ltd.*, 713 F. Supp. 1457, 1476 (S.D.N.Y. 1989) (agreeing that "by definition material that has not been previously presented cannot have been previously 'overlooked' by the court").

Not only is this action too late to justify a motion for reconsideration, but the gamesmanship displayed further undermines Plaintiffs' demand. Plaintiffs' decision to wait until *after* the Court ruled to dismiss No. 19-4753 can only be explained as an improper (if mistaken) attempt to manufacture grounds for reconsideration. That is why Plaintiffs never pretend their same-day voluntary dismissal of No. 19-4753 was motivated by anything other than an adverse decision by the Court. *See* ECF 61-1 at 2 (Plaintiffs acknowledging that their dismissal was a post-decisional effort to "put[] the issue beyond doubt by establishing as a matter of law that simultaneous litigation cannot occur."). But a motion for reconsideration is simply not a vehicle for "changing facts and responding to the court's conclusions" after losing a motion. *Jolly Grp., Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 721 (7th Cir. 2006); *see also, e.g.*, *In re Pretty Girl, Inc.*, No. 14-11979, 2022 WL 2135360, at *2 (S.D.N.Y. June 14, 2022) (reconsideration is not "an opportunity for a party to plug[] the gaps of a

lost motion with additional matters") (quoting *Carolco Pictures Inc. v. Sirota*, 700 F. Supp. 169, 170 (S.D.N.Y. 1988)); *Beneficial Innovations, Inc. v. Blockdot, Inc.*, No. 7-263, 2010 WL 11469805, at *2 (E.D. Tex. Oct. 27, 2010) (denying motion for reconsideration where plaintiff's recent statements to Patent Office were "merely self-serving statements crafted for the sole purpose of manufacturing evidence in order to support this motion for reconsideration"); *Ctr. One v. Vonage Holdings Corp.*, No. 8-467, 2010 WL 3257642, at *6 (E.D. Tex. Aug. 17, 2010) ("After deliberately and strategically choosing not to participate in an earlier motion to transfer and thereby withhold relevant facts and arguments from the Court, [Defendants] now ask the Court to revisit the issue. The Court will not tolerate such gamesmanship and waste of judicial resources."). This is the very kind of "heads-I-win-tails-you-lose" approach to litigation that federal courts abhor.

Because the sole grounds of Plaintiffs' motion are procedurally illegitimate, this Court can and should reject it outright.

### II. Plaintiffs' Dismissal Of No. 19-4753 Changes Nothing About The Court's Rationale And Decision.

Beyond its procedural infirmities, there is a deeper problem with this motion for reconsideration: Plaintiffs' gambit does nothing to resolve the problems that led this Court to deny the transfer motion in the first place. First, dismissing No. 19-4753 without prejudice does not resolve the problem of duplicative litigation that the

Court identified. Second, the other transfer factors militate against transfer even without the duplicative litigation problem, and are unaffected by the post-decision dismissal. Plaintiffs thus cannot show that their last-ditch maneuver "may alter the disposition of the matter." *Church & Dwight*, 545 F. Supp. 2d at 450.

> A. **The Dismissal Changes Nothing About The Risk Of Duplicative Litigation That Led This Court To Deny Transfer.**

Although the thrust of Plaintiffs' motion for reconsideration is that this Court need no longer worry about *simultaneous* duplicative litigation between Texas and this forum now that they dismissed No. 19-4753, Plaintiffs misunderstand the scope of this Court's concerns and the State's objections. In short, this Court was correctly concerned with duplicative litigation at any point if No. 21-9867 proceeds in Texas and the Non-Texas Plaintiffs proceed in this Court. While Plaintiffs' latest action will *delay* that duplication, it will by no means eliminate or even mitigate it.

This Court's opinion rejecting Plaintiffs' transfer request makes the breadth of its concerns plain. See ECF 58 ("Transfer Op."). In their initial transfer request, Plaintiffs made a proposal that—in practical terms—is functionally no different than what Plaintiffs propose now: to "transfer DD's and SAF's claims against the NJAG in the Texas action back to Texas, while staying the Non-Texas Plaintiffs' claims in the NJ action." Transfer Op. at 26. This Court rejected that proposal outright, reasoning that it "would not prevent duplicative litigation." *Id.* After all, this Court

explained in its ruling, "the Non-Texas Plaintiffs have expressed an intention to litigate their claims, which are distinct from those that DD and SAF assert, regardless of how DD and SAF proceed," such that "there is no reason to expect that the Non-Texas Plaintiffs would abandon their claims in this Court following a decision in Texas." *Id.*; *see also id.* at 25 (finding "a reasonable probability that [the Non-Texas Plaintiffs] would ultimately end up litigating their claims in this Court."). While the transfer-and-stay proposal would have addressed the risk of *simultaneous* litigation, it "would not prevent duplicative litigation" and thus fell short. *Id.* at 26.

Under this latest proposal the same problems of duplicative litigation persist, notwithstanding the voluntary dismissal of No. 19-4753 without prejudice. Bluntly, the Plaintiffs in No. 19-4753 are not "abandon[ing] their claims" by serving a dismissal without prejudice. *Id.* at 25. To the contrary, as this Court is aware, if Plaintiffs' new effort succeeds, the Non-Texas Plaintiffs will be back in this Court "following a decision in Texas." *Id.* The Non-Texas Plaintiffs have always maintained that their claims *must* be heard in this Court no matter what, stating that they "are completely absent" from the Texas-initiated action, that they "play no role whatsoever in that case and cannot control its fate in any way," and that the March 2019 stay of No. 19-4753 had "put [the Non-Texas Plaintiffs] out of court entirely." Appellants' Supp. Br., Nos. 19-1729 & 19-3182, 2020 WL 469953, at *8-9 (3d Cir. Jan. 27, 2020). These plaintiffs' consistent prior statements have left this Court with

no doubt that they will inevitably re-file in this Court, and their voluntary dismissal without prejudice preserves that ability. That the procedure they will use to do so is different—move to lift a stay, or re-file their claims—makes no real-world difference.

Plaintiffs' dismissal of No. 19-4753 without prejudice is simply an effort to achieve the same result as Plaintiffs' unsuccessful transfer-and-stay proposal sought: the ability to litigate Defense Distributed's claims in Texas and then litigate the Non-Texas Plaintiffs' claims in this district. This Court already rejected that as a basis for transfer, and all of the Court's reasoning applies with equal force today.

### B. The Dismissal Changes Nothing About The Additional Reasons This Court Gave For Denying Transfer.

In addition to the continued problem of duplication, this Court gave a number of reasons for denying Plaintiffs' transfer motion, all of which remain unaffected by the dismissal of No. 19-4753. Those reasons are overwhelming and independently justify denying transfer, further proving that Plaintiffs failed to meet their ultimate burden on reconsideration of establishing errors that "might reasonably have resulted in a different conclusion." *Bowers*, 130 F. Supp. 2d at 613.

*First*, this Court correctly found that litigating claims against a New Jersey official in Texas will require substantially more judicial resources because "certain factual disputes regarding personal jurisdiction remain" in Texas. Transfer Op. at

20. And this Court recognized that if those disputes as to the scope of the Attorney General's cease-and-desist letter were resolved in his favor, it "would foreclose personal jurisdiction over the NJAG" in Texas. *Id.* at 20-21. Either way, transfer to Texas would "require the Texas District Court to conduct discovery and resolve issues concerning personal jurisdiction, which weighs heavily against transfer." *Id.* at 24 (citing cases). After all, no dispute involving personal jurisdiction exists in the District of New Jersey. Nothing about the subsequent voluntary dismissal of No. 19-4753 obviates the jurisdictional issues that will plague this case in Texas.

*Second*, the Court properly determined that this district "has familiarity and experience with interpreting New Jersey law," further weighing against transfer. Transfer Op. at 33. This Court's finding makes eminent sense: "New Jersey courts have greater 'familiarity with New Jersey's overall statutory framework regulating firearms and the public policies those laws promote' and 'have been the primary fora for deciding legal challenges to New Jersey firearms laws." *Defense Distributed v. Grewal*, 971 F.3d 485, 499 n.3 (5th Cir. 2020) (Higginson, J., concurring). And only the circuit overseeing this district maintains the "authority to certify questions of New Jersey state law to the Supreme Court of New Jersey," which "could interpret N.J.S.A. 2C:39-9(*l*)(2)" to resolve the alleged ambiguity that undergirds Plaintiffs' void-for-vagueness claim. Transfer Op. at 26. That is another reason that this Court is the more efficient forum for this dispute, regardless of No. 19-4753.

*Third*, this Court was right to place great weight on the fact that, even focusing only on the Texas action, the Fifth Circuit opinion "both overstates Texas's interests and downplays New Jersey's" interests in the litigation. Transfer Op. at 30. This Court explained that the Fifth Circuit "does not account for the fact that [Defense Distributed] seeks to publish [digital firearms information] nationwide," rather than in Texas in particular, and "nothing alleged in the various complaints suggests that the NJAG's actions uniquely restricted Texans' access" to these materials. *Id.* at 30-31. This Court further found that the Fifth Circuit "significantly understates New Jersey's interest in this litigation," reasoning that "it is difficult to overstate New Jersey's interests in the constitutionality of a law enacted to prevent its citizens from manufacturing deadly weapons entirely outside of the state's regulatory regime." *Id.* at 29, 31. And this Court responded to the Fifth Circuit's assertion that New Jersey's interest is diminished since "the Texas court's ruling will have no direct effect on New Jersey's citizens," finding this is "not true." *Id.* at 31. Nothing in the motion for reconsideration is remotely responsive to this concern.

*Fourth*, this Court correctly concluded that few, if any, efficiencies would be gained by hearing claims against the New Jersey Attorney General and against United States Department of State officials together. *Id.* at 12 n.13. While Plaintiffs contend their tortious-interference claim against New Jersey overlaps with their claims against the federal officials, this Court noted that sovereign immunity "would

likely bar" the tortious-interference claims. *Id.* at 32. At bottom, this Court gave ample reasons to deny transfer of this challenge to the validity of New Jersey laws to Texas federal court, and none of those reasons are impacted in any way by Plaintiffs' post-hoc dismissal of No. 19-4753.

Plaintiffs' motion for reconsideration is procedurally invalid. Their post-decision conduct does not overcome the concerns with duplicative litigation. And the motion is entirely nonresponsive to the other reasons that independently sustain this Court's decision to deny transfer. Plaintiffs have not satisfied the high bar for reconsideration.

Respectfully submitted,

MATTHEW J. PLATKIN
ACTING ATTORNEY GENERAL
OF NEW JERSEY

By:   /s/ Tim Sheehan
Tim Sheehan
Deputy Attorney General

cc:   All counsel of record (via CM/ECF)