# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Defense Distributed,<br>Second Amendment Foundation, Inc.,<br>    *Plaintiffs*,<br><br>        v.<br><br>Matthew J. Platkin, Acting New Jersey<br>Attorney General,<br>        *Defendant*. | No. 3:19-cv-4753<br>No. 3:21-cv-9867 |

## Plaintiffs' Brief in Support of
## Plaintiffs' Motion to Grant the Fifth Circuit's Return Request

BECK REDDEN LLP
Chad Flores
cflores@beckredden.com
1221 McKinney Street, Suite 4500
Houston, Texas 77010
(713) 951-3700

HARTMAN & WINNICKI, P.C.
Daniel L. Schmutter
dschmutter@hartmanwinnicki.com
74 Passaic Street
Ridgewood, New Jersey 07450
(201) 967-8040

Counsel for Plaintiffs

## TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................. i

TABLE OF AUTHORITIES ..................................................................................... ii

PROCEDURAL POSTURE ....................................................................................... 1

ARGUMENT ............................................................................................................. 2

I.     The Fifth Circuit's new return request should be granted expeditiously. ........ 2

     A.     The AG's position rests entirely on defying *Bruck* ............................ 4

     B.     Comity principles warrant retransfer. ................................................. 5

     C.     Law-of-the-case principles warrant retransfer. ................................... 5

     D.     Expedited treatment is warranted. ...................................................... 6

CONCLUSION .......................................................................................................... 6

# TABLE OF AUTHORITIES

**Cases**  **Page**(s)

*CCA Glob. Partners, Inc. v. Yates Carpet, Inc.*,
 2005 WL 8159381 (N.D. Tex. 2005)..............................................................3

*Defense Distributed v. Bruck*,
 30 F.4th 414 (5th Cir. Apr. 1, 2022).........................................................2, 3

*Defense Distributed v. Platkin*,
 No. 22-50669, 2022 WL 4285546 (5th Cir. Sept. 16, 2022) ....................*passim*

*Penn W. Assocs. v. Cohen*,
 371 F.3d 118 (3d Cir. 2004)............................................................................5

*In re United States*,
 273 F.3d 380 (3rd Cir. 2001) ....................................................................3, 4

**Other Authorities**

9A Charles Alan Wright & Arthur R. Miller, et al., Federal Practice &
 Procedure § 2382 (3d ed. West 2022)..............................................................1

## PROCEDURAL POSTURE

Until recently, the Court had before it both case numbers 3:19-cv-4753 and 3:21-cv-9867. But now the Court has before it only case number 3:21-cv-9867.

Case number 3:19-cv-4753 was originally filed in this Court. Case number 3:21-cv-9867 was originally filed in the United States District Court for the Western District of Texas and later transferred here. *See* Case No. 3:21-cv-9867, ECF No. 58 at 2. An administrative consolidation of the cases occurred, *see* Case No. 3:21-cv-9867, ECF No. 159,[1] but was abrogated when one of the cases was dismissed. Specifically, all plaintiffs in case number 3:19-cv-4753 invoked Federal Rule of Civil Procedure 41(a)(1)(A)(i) to dismiss that action without prejudice. *See* Case No. 3:19-cv-4753, ECF No. 60. That dismissal took effect immediately and without the need for court order. *See* Fed. R. Civ. P. 41(a)(1)(A)(i). Thus, the only case before this Court is case number 3:21-cv-9867—the one transferred from Texas.

The claims against the AG in this Court are exactly the same as those in Texas. This case's live complaint (ECF No. 117 here) is literally the very same document as the Texas case's live complaint (ECF No. 117 there). The Fifth Circuit rightly held that these claims belong in Texas and another return request has been issued.

---

[1] Consolidation did not deprive either action of its separate identity because "actions do not lose their separate identity because of consolidation," 9A Charles Alan Wright & Arthur R. Miller, et al., Federal Practice & Procedure § 2382 (3d ed. West 2022), and administrative closures have no real legal consequence, *see Penn W. Assocs. v. Cohen*, 371 F.3d 118, 121 (3d Cir. 2004).

1

## ARGUMENT

### I.  The Fifth Circuit's new return request should be granted expeditiously.

The Court has now received not just one but two separate requests to return this case to the court where it began and belongs: the Western District of Texas. The latest request comes directly from the Fifth Circuit and should be granted.

The first return request came from Judge Pitman of Western District of Texas, who had been mandated to make the request by *Defense Distributed v. Bruck*, 30 F.4th 414 (5th Cir. Apr. 1, 2022). Judge Pitman fulfilled *Bruck*'s mandate by issuing an order (1) vacating the sever-and-transfer order that had erroneously sent the case here, and (2) requesting return of the instant case to the Western District of Texas. Case No. 3:21-cv-9867, ECF No. 167.  This Court's denial of that request is the subject of a motion for reconsideration. *See* Case No. 3:21-cv-9867, ECF No. 61.

The new return request comes from Judges Ho and Elrod of the Fifth Circuit in *Defense Distributed v. Platkin*, No. 22-50669 (5th Cir.).  That appeal grapples with the impact of *Bruck*'s mandated vacatur and retransfer request.  On September 16, 2022, the Fifth Circuit in *Platkin* issued a *per curiam* order addressing several appellate motions and expediting the appeal. *Defense Distributed v. Platkin*, No. 22-50669, 2022 WL 4285546 (5th Cir. Sept. 16, 2022).  Issued in conjunction with that decision was an opinion authored by Judge Ho and joined by Judge Elrod. *Id.*

2

at *1-2. This opinion concurs with the *per curiam* decision and expressly requests that this Court return the instant action to the Western District of Texas:

> In *Defense Distributed v. Bruck*, 30 F.4th 414 (5th Cir. 2022), we held that the Western District of Texas was wrong to sever the case against the Attorney General of New Jersey and transfer it to the District of New Jersey. Our decision was accompanied by a well-reasoned dissent from a distinguished colleague. But it is now the law of the circuit as well as the case.
>
> We can think of no substantive reason—and none has been offered to us—why this case should nevertheless proceed in New Jersey rather than Texas, other than disagreement with our decision in *Defense Distributed*. The Attorney General of New Jersey confirmed as much during oral argument.
>
> **So we respectfully ask the District of New Jersey to honor our decision in Defense Distributed and grant the request to return the case back to the Western District of Texas**—consistent with the judiciary's longstanding tradition of comity, both within and across the circuits, as repeatedly demonstrated by district courts nationwide.
>
> Federal courts across America have repeatedly granted requests to return cases back to the original transferring court, whether the request comes from a fellow Article III court or even from a litigant. Examples of such judicial courtesy include, but are far from limited to, federal courts governing New Jersey and Texas. *See, e.g.*, *In re United States*, 273 F.3d 380, 382 n.1 (3rd Cir. 2001) ("We are most appreciative of Judge Campbell's accommodation, which enabled this court to consider the matter and prevented an unseemly tension between federal jurisdictions."); *CCA Glob. Partners, Inc. v. Yates Carpet, Inc.*, 2005 WL 8159381, *2 (N.D. Tex. 2005) ("This Court will not stand in the way of another district court attempting to correct what it believes to have been an error made while the case was under its jurisdiction. Thus, this Court finds that in the interest of justice, the case should be transferred back to the Eastern District of Missouri.").

3

> This tradition of inter-circuit courtesy should surprise no one. After all, it's an easy tradition to respect. These cases originated elsewhere, and only ended up in the transferee court as a result of mistake. So the act of courtesy costs the transferee court nothing. In sum, there's every reason in the world for district courts across the country to avoid, as the Third Circuit has put it, "unseemly tension between federal jurisdictions." *In re United States*, 273 F.3d at 382 n.1.
>
> So we're unsurprised that such courtesy appears to be routine practice in district courts nationwide. In fact, we're unaware of any district court anywhere in the nation to have ever denied such a request. The parties admit they have not found any. We see no reason why this case should be the first.
>
> \* \* \*
>
> **We respectfully ask the District of New Jersey to return the case to the Western District of Texas as requested, and thereby join its sister district courts nationwide in this act of inter-district comity, mutual respect, and courtesy.**

*Id.* (emphasis added) (footnote omitted).

Plaintiffs move for an order granting this return request. The new return request should be granted for the same reasons that the initial return request should be granted. Furthermore, the new request should be granted because of three key points established by the new *Platkin* opinion of Judges Ho and Elrod.

### A.   The AG's position rests entirely on defying *Bruck*.

*First*, the new *Platkin* opinion further establishes that the AG's disagreement with *Bruck* is his sole reason for opposing retransfer. New Jersey's Solicitor General presented last week's oral argument at the Fifth Circuit and gave no other reason. So the *Platkin* opinion rightly reached this conclusion: "We can think of no substantive reason—and none has been offered to us—why this case should

4

nevertheless proceed in New Jersey rather than Texas, other than disagreement with our decision in *Defense Distributed [v. Bruck]*. The Attorney General of New Jersey confirmed as much during oral argument." *Platkin*, 2022 WL 4285546, at *2.

### B.  Comity principles warrant retransfer.

*Second*, the new *Platkin* opinion further establishes that the case should be returned to Texas because of how comity principles compel deference to *Bruck*. Plaintiffs have argued this all along. *See, e.g.*, Case No. 3:19-cv-04753-FLW-TJB, ECF No. 54 at 1-3. The new *Platkin* opinion confirms that following *Bruck* to order retransfer is "consistent with the judiciary's longstanding tradition of comity, both within and across the circuits, as repeatedly demonstrated by district courts nationwide." *Platkin*, 2022 WL 4285546, at *1 (emphasis added).

### C.  Law-of-the-case principles warrant retransfer.

*Third*, the new *Platkin* opinion further establishes that the case should be returned to Texas because *Bruck* is law of the case. Alongside comity, Plaintiffs have also argued all along that law-of-the-case principles warrant retransfer. *See, e.g.*, Case No. 3:19-cv-04753-FLW-TJB, ECF No. 54 at 1-3. The new *Platkin* opinion confirms this by expressly concluding that the *Bruck* majority opinion is indeed "law of the case": "Our decision was accompanied by a well reasoned dissent from a distinguished colleague. But it is now the law of the circuit *as well as the case*." *Platkin*, 2022 WL 4285546, at *1 (emphasis added).

5

### D.  Expedited treatment is warranted.

Plaintiffs request expedited treatment of this motion because the AG continues to inflict irreparable harm with every passing day. *See, e.g.*, ECF No. 117 at 47-49. The sooner proceedings against the AG resume in the Western District of Texas, the sooner his blatantly unconstitutional censorship regime can be halted. His gamesmanship has delayed relief far too long already.

### CONCLUSION

The Court should grant both of the return requests and transfer this case back to the Western District of Texas immediately.

Date: September 21, 2022.

Respectfully submitted,

BECK REDDEN LLP
Chad Flores
cflores@beckredden.com
1221 McKinney Street, Suite 4500
Houston, Texas 77010
(713) 951-3700

HARTMAN & WINNICKI, P.C.
s/ Daniel L. Schmutter
Daniel L. Schmutter
dschmutter@hartmanwinnicki.com
74 Passaic Street
Ridgewood, New Jersey 07450
(201) 967-8040

Counsel for Plaintiffs