

Philip D. Murphy
*Governor*

Sheila Y. Oliver
*Lt. Governor*

**State of New Jersey**
Office of the Attorney General
Department of Law and Public Safety
Division of Law
PO Box 45029
Newark, NJ 07101

Matthew J. Platkin
*Acting Attorney General*

Michael T.G. Long
*Director*

September 23, 2022

<u>Via CM/ECF</u>
Hon. Freda L. Wolfson, U.S.D.J.
United States District Court, District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State St.
Trenton, NJ 08608

    Re: *Defense Distributed, et al. v. Matthew J. Platkin*,
      <u>Civil Action Nos. 19-cv-4753 & 21-cv-9867</u>[1]

Dear Chief Judge Wolfson:

  The State writes in response to Plaintiffs' motion dated September 21, 2022 and to provide an update regarding Plaintiffs' ongoing efforts to obtain an injunction against the New Jersey Attorney General's enforcement of New Jersey law in the Western District of Texas, notwithstanding this Court's July 27, 2022 Order denying transfer to that forum. *See Defense Distributed v. Grewal*, No. 19-4753 (D.N.J.) ("N.J. ECF") 59; *see also* N.J. ECF 58. The NJAG continues to believe, as he has explained consistently in this case, that this lawsuit belongs in this Court, and thus that Plaintiffs' motion for reconsideration and their September 21 motion to return the case to the Western District of Texas should be denied.

---

[1] Case No. 19-cv-4753 was filed in this district in February 2019. Case No. 21-cv-9867 was originally filed in the Western District of Texas in 2018 and subsequently transferred to New Jersey and consolidated with No. 19-cv-4753. On July 27, 2022, Plaintiffs moved to dismiss No. 19-cv-4753. All ECF entries cited herein refer to No. 19-cv-4753's docket.



124 Halsey Street • Telephone: (973) 877-1280 • Fax: (973) 648-4887
*New Jersey Is An Equal Opportunity Employer • Printed on Recycled Paper and Recyclable*

Although this Court declined to transfer this lawsuit to the Western District of Texas, Plaintiffs have delayed seeking any preliminary or merits relief in this Court,[2] and instead have continued to seek relief in the docket from which the NJAG had been terminated in 2021 (via the original transfer order to this Court). On June 6, 2022—the same day Plaintiffs filed a brief in support of transfer in this Court, N.J. ECF 56—Plaintiffs sought a preliminary injunction in the Western District of Texas against the NJAG's enforcement of N.J. Stat. Ann. § 2C:39-9(*l*)(2) and against his efforts to preclude distribution of printable gun code. *See Defense Distributed v. U.S. Dep't of State*, No. 18-63 (W.D. Tex.) ("Texas ECF") 174. On July 22, 2022, the Western District of Texas dismissed Plaintiffs' motion, reasoning that because of the "limits on its jurisdiction," it could not consider claims against the NJAG unless the case was first returned to Texas. Texas ECF 176 at 1-2.

Plaintiffs appealed, and the case remains pending before the Fifth Circuit. *See* Texas ECF 177; *Defense Distributed v. Platkin*, No. 22-50669 (5th Cir.) ("CA5 ECF"). Plaintiffs sought an injunction pending appeal from the Fifth Circuit, again to enjoin the NJAG's enforcement of New Jersey law, and the NJAG cross-moved to dismiss the case because the NJAG was not actually a party to any district court proceedings in Texas while the lawsuit remains pending in the District of New Jersey. A motions panel of the Fifth Circuit held oral argument on September 14 but ultimately declined to rule on these motions and instead set the appeal for expedited consideration before a merits panel, so that the merits panel can (among other things) consider whether the NJAG is a proper party in Texas. Oral argument in that court will be held again the week of November 7.

Plaintiffs' September 21 motion focuses almost exclusively on a concurrence by two judges on the Fifth Circuit motions panel (separate from the motions panel's actual, per curiam order), but that concurrence changes nothing about the proper disposition of Plaintiffs' pending reconsideration motion. As Plaintiffs note in their motion, Judges Ho and Elrod's concurrence asks this Court to "grant the request to return the case back to the Western District of Texas—consistent with the judiciary's longstanding tradition of comity." Ex. A at 2. The third member of the motions

---

[2] Indeed, Plaintiffs misrepresented to the motions panel that the position the NJAG's actions before this Court are merely efforts to delay consideration of Plaintiffs' substantive claims, including their motion for preliminary injunction. Yet, Plaintiffs have not pursued any expedited relief in this Court for the "imminent and irreparable harm" they claim, despite having a case pending in New Jersey for some time.

panel—Judge Graves—did not join. Importantly, that concurrence misunderstands how principles of comity apply to this case, and none of the cases it cites change the conclusions this Court has already reached or what the future merits panel will consider.

As this Court has already explained, the Fifth Circuit's request has no binding effect on this Court and was simply a "request [that] the District of New Jersey [] return the transferred case to the Western District of Texas." *Defense Distributed v. Bruck*, 30 F.4th 414, 437 (5th Cir. 2022); *see id.* at 440 (Higginson, J., dissenting) (confirming the District of New Jersey would have to conduct "its own assessment of whether litigation resolving New Jersey law should be decided in Texas"); *see* N.J. ECF 58 at 35 (this Court concluding "there is no prior binding order" and characterizing the request to transfer as a "non-binding request"). This was a deliberate and meaningful choice; Plaintiffs had asked the *Bruck* panel to order this case be returned from the District of New Jersey to the Western District of Texas, but the panel found that it "lack[ed] power to order a return of the case to our circuit." *Bruck*, 30 F.4th at 423; *see id.* at 424 (explaining this District lies beyond the geographic reach of the Fifth Circuit's jurisdiction). The most recent Fifth Circuit concurrence acknowledges that the prior order was merely a request and never suggests the *Bruck* opinion has—or could have had—binding power over this Court. *See id.* (employing term "request" and never "ordering" or "mandating" the case be returned). The third member of the motions panel emphasized at argument that *Bruck* was merely a request.

This Court properly afforded comity to the Fifth Circuit's *Bruck* opinion by doing precisely what that order contemplated: this Court "duly considered the Fifth Circuit's opinion," N.J. ECF 58 at 33, and then independently assessed that transfer to Texas would be improper based on a thorough and detailed consideration of the Section 1404(a) private and public factors. It reviewed the *Bruck* order in detail—and assessed it in good faith for its persuasive value. But this Court did not view the order as necessarily tying its hands both because the Fifth Circuit acknowledged its order as a nonbinding request and because the Fifth Circuit lacks jurisdiction over this Court, which, of course, sits within the Third Circuit.

Plaintiffs are still incorrect that comity somehow means this Court must return the case to Texas even if it concludes that transfer would otherwise be inappropriate. Most obviously, holding that comity requires this Court to treat a *nonbinding* request like a *binding* order would improperly undermine the territorial limits of the circuits'

jurisdiction. *Cf. In re Red Barn Motors, Inc.*, 794 F.3d 481, 484 (5th Cir. 2015) (acknowledging that appeals in transferred cases "can only be taken by 'the court of appeals for the circuit embracing the [transferee] district'" and therefore refusing to issue binding orders to return a case). And any demand to a transferee court to return a particular suit would "risk 'provok[ing] a possible conflict between the [c]ircuits," particularly where proceedings are already underway in this Court. *Id.*; *see EEOC v. Univ. of Pa.*, 850 F.2d 969, 971 (3d Cir. 1988) (noting that "comity requires federal district courts … to exercise care to avoid interference with each other's affairs" (quoting *West Gulf Marine Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728 (5th Cir. 1985)). Comity is therefore not a backdoor to achieving what the law would not permit the Fifth Circuit to demand. In short, it cannot be offensive to the Fifth Circuit and violative of comity for this Court to exercise the very independent judgment the Fifth Circuit recognized this Court would still have, particularly where comity itself prevented the Fifth Circuit from going any further.

None of the cases cited by the motions panel concurrence are to the contrary. Although the concurrence cites *In re United States*, 273 F.3d 380 (3d Cir. 2001), that case actually supports this Court's prior decision—which is perhaps why Plaintiffs have never cited it. While that case did involve a transferee court delaying a case to await a possible retransfer request, the Third Circuit found that to respect comity "is not to say an appellate court indefinitely maintains jurisdiction for the purposes of evaluating the effectiveness of the transfer…. Once the transferee proceeds with the transferred case, *the decision as to the propriety of transfer is to be made in the transferee court*." *Id.* at 384 (emphasis added). That is what happened here. This Court "proceed[ed] with the transferred case," considering the NJAG's motion to consolidate Case No. 21-9867 with Case No. 19-4753, N.J. ECF 41, and granting that motion, N.J. ECF 43. Plaintiffs did not challenge that decision. Indeed, none of the concurrence's cases involve a situation in which the transferee court had already taken action—including action to consolidate with already-pending claims—over the transferred case.

The additional cases cited by the concurrence are similarly unpersuasive. To begin, *Fine v. McGuire*, 433 F.2d 499 (D.C. Cir. 1970), *United States v. Petty*, 2022 WL 1590609 (W.D.N.Y. 2022), and *Herman v. Cataphora Inc.*, 2013 WL 275960 (N.D. Cal. 2013), involve the transferee court exercising its own discretion to return a case to the transferor, and thus do not implicate the same concerns present in this case, where this Court has properly held that, in its own judgment, transfer would be inappropriate. In *CCA Glob. Partners, Inc.*, the transferee court returned a case when

"due to a clerical error, the case was physically forwarded too quickly," depriving the transferor district of its own ability to correct its error. 2005 WL 8159381, at *2 (N.D. Tex. 2005). That is nothing like this case: Plaintiffs did not seek a stay of the Texas district court's order, let alone before it was effectuated, and their strategic litigation choices (including their effort to litigate in both Texas and New Jersey) have produced this situation. *Tlapanco v. Elges* is distinguishable because, there, "*by stipulation of the parties*, [the transferee court] stayed its case pending resolution of" a motion for reconsideration in the transferor court. 2017 WL 4329789, *3 (S.D.N.Y. 2017) (emphasis added). And *In re Nine Mile Ltd.*, 692 F.2d 242, 244 (8th Cir. 1982), simply acknowledges that each federal circuit lacks the authority to order return of a case outside its territorial jurisdiction—a point in favor of the NJAG.

For these same reasons, and despite Plaintiffs' protestations to the contrary, law-of-the-case principles do not mandate transfer. Although that decision certainly binds district courts in Texas, see Ex. A. at 1 (*Bruck* "is now the law of the circuit as well as the case"); see also N.J. ECF 64-1 at 5, as laid out in detail above, *Bruck* is clear that it has no authority to require the case transferred to Texas. See 30 F.4th at 423. If *Bruck* were, instead, binding outside the Fifth Circuit's territorial limits, it would have said so. Or the concurrence would have. Neither did. And that is because, as *Bruck* concluded, the Fifth Circuit did not have the power to issue binding orders to courts outside its territorial jurisdiction. Resort to law-of-the-case principles thus misses the point, because the decision itself expressly does not bind this court.

Finally, the concurrence mistakenly attributed to the NJAG the belief that the only reason to deny transfer was that the Fifth Circuit's decision was wrong, Ex. A at 2, a point Plaintiffs reiterate in their brief, N.J. ECF 64-1 at 4-5. The NJAG has been clear regarding his view that the *Bruck* order was incorrect and that this fact should inform this Court's analysis of the nonbinding request. But the State has also made clear—both before this Court and at oral argument before the Fifth Circuit—that Plaintiffs' failure to seek any stay of the Texas court's transfer order (which would have allowed for the case to remain within the Fifth Circuit's jurisdiction) *and* Plaintiffs' prior failure to oppose the NJAG's Motion for Consolidation also demonstrate a lack of diligence and additionally support this Court's decision to exercise its independent judgment to deny transfer.

The NJAG requests a status conference to discuss further proceedings in this Court. And the NJAG requests this Court deny both the motion for reconsideration and Plaintiffs' September 21 motion.

Respectfully submitted,

MATTHEW J. PLATKIN
ACTING ATTORNEY GENERAL
OF NEW JERSEY

By:   /s/ Tim Sheehan
      Tim Sheehan
      Deputy Attorney General