# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Defense Distributed, <br> Second Amendment Foundation, Inc., <br> *Plaintiffs*, <br><br> v. <br><br> Matthew J. Platkin, <br> New Jersey Attorney General, <br> *Defendant*. | No. 3:19-cv-4753 |

**Plaintiffs' Brief in Support of**
**Plaintiffs' Motion to Transfer or Stay**

BECK REDDEN LLP
Chad Flores
cflores@beckredden.com
1221 McKinney Street, Suite 4500
Houston, Texas 77010
(713) 951-3700

HARTMAN & WINNICKI, P.C.
Daniel L. Schmutter
dschmutter@hartmanwinnicki.com
74 Passaic Street
Ridgewood, New Jersey 07450
(201) 967-8040

Counsel for Plaintiffs

## TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................. i

TABLE OF AUTHORITIES ...................................................................................... ii

ARGUMENT ............................................................................................................. 1

I.      The Court should transfer the case to the Western District of Texas................ 1

II.     Alternatively, the Court stay the case pending Third Circuit review................ 5

III.    Expedited treatment is warranted. ................................................................... 6

CONCLUSION .......................................................................................................... 7

# TABLE OF AUTHORITIES

**Cases**                                                                                                                                   **Page(s)**

*In re Citizens Bank, N.A.*,
  15 F.4th 607, 622 (3d Cir. 2021) ........................................................................5

*Defense Distributed v. Bruck*,
  30 F.4th 414 (5th Cir. 2022) .......................................................................*passim*

*Defense Distributed v. Grewal*,
  971 F.3d 485 (5th Cir. 2020) .................................................................................1

*Defense Distributed v. Platkin*,
  48 F.4th 607 (5th Cir. 2022) .................................................................................3

*Defense Distributed v. Platkin*,
  55 F.4th 486 (5th Cir. 2022) .................................................................................3

*In re: Howmedica Osteonics Corp.*,
  867 F.3d 390 (3d Cir. 2017) .................................................................................5

*In re School Asbestos Litigation*,
  977 F.2d 764 (3d Cir. 1992) ................................................................................. 4

*United States v. Jerry*,
  487 F.2d 600 (3d Cir. 1973) .................................................................................4

# ARGUMENT

## I. The Court should transfer the case to the Western District of Texas.

Plaintiffs Defense Distributed and the Second Amendment Foundation, Inc. move for an order transferring this case back to the court it was rightly first filed in: the United States District Court for the Western District of Texas. The case is a trailblazing First Amendment action about the AG having unconstitutionally outlawed speech concerning 3D-printed firearms. The AG will certainly lose if courts ever reach the merits. So he seeks to stave off defeat by any means necessary.

An unprecedented jurisdictional standoff is at hand, with the AG having pitted courts of two circuits against each other to vie for the status of proper venue. Bedrock principles of judicial administration dictate that, once a federal *circuit* court resolves part of a case, a federal *district* court receiving the case should heed the circuit ruling. But due to the AG's tactics, the *district* court has been obstructing a *circuit* court's decisive prior venue ruling. Judicial power has truly run amok.

Texas is where Plaintiffs first filed this case and where the decisive ruling says it belongs. Though the AG got the Western District of Texas to dismiss the case for lack of personal jurisdiction, the Fifth Circuit reversed that dismissal and upheld personal jurisdiction in *Defense Distributed v. Grewal*, 971 F.3d 485 (5th Cir. 2020). And though the AG then got the district court in Texas to transfer venue of the case against the AG to the District of New Jersey, then again the Fifth Circuit reversed.

1

The Fifth Circuit in *Defense Distributed v. Bruck*, 30 F.4th 414 (5th Cir. 2022) (App'x A), expressly held that (1) the case against the AG was wrongly transferred to the District of New Jersey and should be transferred back to Texas, and that (2) the Fifth Circuit had jurisdiction to render that holding even though the transfer to New Jersey had already occurred. It vacated the erroneous transfer order and made the district court in Texas expressly request "the District of New Jersey to return the transferred case to the Western District of Texas." *Id.* at 436-37. The AG got a full and fair opportunity to defend the transfer, and he lost completely.

Faced with *Bruck*'s decisive mandate and express retransfer request, the Court here should have ordered retransfer for three reasons: (1) apart from whether or not *Bruck* was rightly decided, comity principles compel adherence to it, (2) *Bruck* was rightly decided, and (3) *Bruck* is law of the case. But the prior judge did not yield. She refused to retransfer. ECF No. 58; ECF No. 66.

The prior judge's venue decision—the refusal to heed *Bruck* and transfer this case back to the Western District of Texas—defies the Fifth Circuit's *Bruck* decision in every possible way. It erroneously defies *Bruck* procedurally by disregarding both comity and law of the case principles, and it erroneously defies *Bruck* substantively by deeming it wrongly decided. It is not just reversible error. It is a clear abuse of discretion that irreparably harms this individual case and distorts federal procedure at large, warranting correction by way a Third Circuit writ of mandamus.

The Third Circuit's mandamus authority is to be invoked only as a last resort. So when Chief Judge Wolfson presided, Plaintiffs tried to solve the jurisdictional impasse every other conceivable way, despite the AG's gamesmanship, to no avail.

Chief Judge Wolfson received not just one but multiple chances to comply. First she received the *Bruck* retransfer request and rejected it with ECF No. 58. Then a subsequent Fifth Circuit opinion re-explained that *Bruck* is "the law of the circuit as well as the case" and reiterated the retransfer request: "We respectfully ask the District of New Jersey to return the case to the Western District of Texas as requested, and thereby join its sister district courts nationwide in this act of inter-district comity, mutual respect, and courtesy." *Defense Distributed v. Platkin*, 48 F.4th 607, 608 (5th Cir. 2022) (Ho and Elrod, JJ., concurring) (App'x B). Chief Judge Wolfson doubled down, expressly refusing retransfer yet again. ECF No. 66.

No solution is coming from the Texas side of the impasse. The Fifth Circuit just held that, although Plaintiffs are completely correct in demanding retransfer, technicalities prevent the Fifth Circuit from ordering it. *Defense Distributed v. Platkin*, 55 F.4th 486 (5th Cir. 2022) (App'x C). There the Fifth Circuit bemoaned the prior judge's continued obstinance, realizing that "the effect of that decision permits a New Jersey district court functionally to nullify a Fifth Circuit decision." *Id.* The Fifth Circuit rightly expects Defense Distributed and SAF to obtain what they deserve from this circuit's courts: A order transferring the case back to Texas.

3

If not for the case's reassignment to a new district judge here, Plaintiffs would now be petitioning the Third Circuit for a writ of mandamus against Chief Judge Wolfson's transfer refusals. But in light of the case's reassignment, the Court should now reconsider the prior transfer decisions (refusals) for two important reasons.

First, reconsideration is called for by the Third Circuit mandamus practices addressed in *In re School Asbestos Litigation*, 977 F.2d 764, 795, 798 (3d Cir. 1992). Before Plaintiffs petition the Third Circuit for relief via a writ of mandamus, Plaintiffs are certainly *permitted* and probably *required* to have the prior jdecision reconsidered by the case's current district judge. *See id*. This reconsideration practice is partly jurisdictional because the writ runs only against a judge that both requires correction for having issued the challenged order *and* is within the Circuit's jurisdiction over the case. *See id*. Unless and until a reconsideration occurs, the judge responsible for the decision and the one that can be corrected are not one and the same. Reconsideration resolves that glitch and honors equity's call to exhaust all lower court remedies before seeking extraordinary appellate relief. *See id.*

Second, reconsideration is called for by the error's gravity. *See United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973) ("so long as the district court has jurisdiction over the case, it possesses inherent power over interlocutory orders, and can reconsider them when it is consonant with justice to do so"). The Court should always correct grevious errors when it can. It can do so here, and so it should.

To perform the requested reconsideration of the prior judge's transfer decisions, ECF Nos. 58, 66, the Court need not receive any additional briefing. Plaintiffs' prior filings supply all of the reasons to grant the transfer requests, ECF Nos. 52, 54, 56, 61, 64, and are adopted and incorporated here by reference. *See also* ECF Nos. 57, 63, 65 (the AG's opposing filings). A hearing with oral argument would aid the Court's reconsideration process. The prior judge did not hold one.

For these reasons, the Court should issue an order transferring this case back to the United States District Court for the Western District of Texas. If the Court does so, it need not consider this motion's alternative request for relief.

## II. Alternatively, the Court stay the case pending Third Circuit review.

Alternatively, if the Court continues to refuse retransfer, Plaintiffs move for an order staying this case to allow for Third Circuit review of the transfer decision. At that point, Plaintiffs would have no choice but to remedy the impasse by petitioning the Third Circuit for a writ of mandamus[1] against the transfer refusals. Stays pending mandamus are issued regularly, *see, e.g.*, *In re Citizens Bank, N.A.*, 15 F.4th 607, 622 (3d Cir. 2021), and the test is easily met here. A stay will protect Plaintiffs from the irreparable harm of having the wrong court decide important

---

[1] The transfer decisions at issue are rightly challenged by a petition for writ of mandamus. The Fifth Circuit held this in *Defense Distributed v. Bruck*, 30 F.4th 414 (5th Cir. 2022), and the Third Circuit rule accords, *see In re: Howmedica Osteonics Corp.*, 867 F.3d 390, 399 (3d Cir. 2017) ("our mandamus jurisdiction over transfer orders encompasses both procedural and legal issues").

5

matters like the AG's pending motion to dismiss, will not substantially injure anyone, and will serve the public interest by ensuring a correct adjudication of important First Amendment claims and ending the AG's use of "tactics suggesting the abusive manipulation of federal court procedures." *Bruck*, 30 F.4th at 427.

For these reasons, if the Court does not issue an order transferring this case back to the United States District Court for the Western District of Texas, it should alternatively issue an order staying this case (1) for at least seven days from the date of the Court's order on this motion, and (2) if at that point Plaintiffs have challenged the transfer decision by petitioning the United States Court of Appeals for the Third Circuit for a writ of mandamus, until the the completion of that Third Circuit mandamus proceeding.

### III. Expedited treatment is warranted.

Plaintiffs request expedited treatment of this motion because the AG continues to inflict irreparable harm with every passing day. *See, e.g.*, ECF No. 117[2] at 47-49. The sooner proceedings against the AG resume in the Western District of Texas, the sooner his blatantly unconstitutional censorship regime can be halted. His gamesmanship has delayed relief far too long already. *Cf. Bruck*, 30 F.4th at 424-426 (deeming Plaintiffs' Fifth Circuit efforts fully diligent).

---

[2] This case's live complaint is docketed as ECF No. 117 in case number 3:21-cv-09867-FLW-TJB.

## CONCLUSION

The motion should be granted. The Court should grant the motion to transfer and order that the case be transferred to the United States District Court for the Western District of Texas. Alternatively, the Court should grant the motion to stay and order that the case be stayed (1) for at least seven days from the date of this order, and (2) if at that point Plaintiffs have challenged the transfer decision by petitioning the United States Court of Appeals for the Third Circuit for a writ of mandamus, until the completion of the Third Circuit mandamus proceeding.

Date: January 23, 2022.

Respectfully submitted,

BECK REDDEN LLP
Chad Flores
cflores@beckredden.com
1221 McKinney Street, Suite 4500
Houston, Texas 77010
(713) 951-3700

HARTMAN & WINNICKI, P.C.
s/ Daniel L. Schmutter
Daniel L. Schmutter
dschmutter@hartmanwinnicki.com
74 Passaic Street
Ridgewood, New Jersey 07450
(201) 967-8040

Counsel for Plaintiffs